HOUGHTALING, Plaintiff in Error, *vs.* BALL & CHAPIN, Defendants in Error.

1. A contract for the sale and delivery of goods, which is so completed as to be valid in the state where it is made, will be enforced in this state, unaffected by the sixth section of our statute of frauds.

*Error to St. Louis Circuit Court.*

This was an action brought to recover the price of wheat, alleged in the petition to have been sold and delivered at Chicago, Illinois, to be paid for upon its arrival in St. Louis.

The case was once before in this court. (19 Mo. Rep. 84.) At the trial before a jury, there was evidence tending to show that the defendants contracted with the plaintiff at Chicago for the purchase of about 2,900 bushels of wheat, at a stipulated price, to be paid upon its arrival in St. Louis, to which place, as appeared, the plaintiff had previously made a bargain with G. W. Shepard, a carrier, to ship it. After making the purchase, one of the defendants went and made arrangements with Shepard about the shipping. There was an understanding between them as to when and on what boat the wheat was to be shipped. The defendants were to furnish sacks at Lasalle to lighten the boat, on account of the low water. The freight was to be paid by the plaintiff. The wheat was shipped at Chicago at the time agreed upon, consigned to Matteson & Preston, St. Louis, *for Ball & Chapin.* Other wheat bought by defendants was shipped at the same time, and some portions of the two lots were mixed together. Matteson & Preston were instructed to deliver the wheat upon payment of the stipulated price. By reason of the failure of the defendants to furnish sacks at Lasalle, the wheat was delayed, and when it reached St. Louis, they refused to receive it. It was sold, and the proceeds applied upon the draft drawn against it. This suit is brought for the balance of the price. At the trial, the plaintiff asked leave to amend his petition by striking out the word "delivered," which was refused.

The following instruction was given at the instance of the defendant:

"If the jury shall find from the evidence that G. W. Shepard had possession of the wheat, and shipped the same to St. Louis to Matteson & Preston, to be delivered by them to the said defendants when said defendants should pay therefor one dollar and five cents per bushel, and that said Matteson & Preston never delivered said wheat to said defendants, they will find for the defendants."

Several instructions asked by the plaintiff were refused. There was a verdict for the defendants.

Mr. *Kasson*, for appellant, cited 12 Ad. & Ell. 634. Story on Sales, §277. 2 Kent's Comm. 499. 19 Mo. Rep. 84. 3 P. W'ms, 185. 1 Atk. 248. Cowp. 294. 8 D. & E. 330. 1 J. R. 215. 2 Camp. 36. 1 H. Black. 363–4. 2 Camp. 639. 7 East, 558. 3 J. R. 40. 3 J. R, 420.

*Knox & Kellogg*, for respondents, that there was no delivery, cited Story on Sales, §266–7–8–9–80. 5 Wendell, 139. 1 Comst. 261. 6 Geo. 555. 4 Cushing, 497. 12 Barbour, 570. 1 Dow. & Ryl. 128. 2 H. Black. 316. Smith on Contracts, 428 ; that the contract was within the statute of frauds, 10 Bing. Rep. 384. Story on Contracts, §276. *Leroux* v. *Brown*, 74 Eng. Com. Law Rep. 801.

SCOTT, Judge, delivered the opinion of the court.

This case is here a second time, and on the same question that was determined when it was here before. The real question is one of fact, and the aim of the plaintiff is, to have that fact tried by a jury, viz : whether the contract set out in the petition was not so completed in the state of Illinois by a delivery of the wheat, as to avoid the objection to it arising from the statute of frauds, as it does not appear from the record that there is any statute in that state which affects the contract stated in the plaintiff's petition.

When this case was formerly here, we expressed the opinion that there was such evidence in the record as would warrant the court in submitting this view of it to the consideration of the jury. If the point of the instruction given for the defendant (and it was the only one given,) does not involve the statute of frauds, it is not easy to see its application to the case. On any other supposition, it would be clearly erroneous, as it would make the refusal of the defendants to receive the wheat from their own agent fatal to the plaintiff's action, although the contract had been long before completed on their part.

Without determining whether the case of *Leroux* v. *Brown*, (74 Eng. C. L. Rep. 801,) would be recognized as law here, it is sufficient to say in relation to it, that it is founded on the

fourth section of the English statute of frauds, which enacts, "*that no action shall be brought*," &c. These words are made to control the judgment rendered in that suit. But the contract sued on here is not under the fourth section of the English statute, nor under the fifth section of our law, which corresponds with the fourth section of the English statute. But the action is under the sixth section of our statute, which corresponds with the seventeenth section of the English statute. The words of these corresponding sections are different from those of the fourth, in the English, and the fifth section in the Missouri statute. They are, "*that no contract shall be good*," &c. So they leave application for the rule of law that a contract, valid at the place where made, shall be valid everywhere, except when it contravenes the policy, or is in derogation of the rights of the country where it is sought to be enforced. In the case referred to, it was held that a contract made in France, which was not to be performed within one year, came within the words of the fourth section of the statute of frauds, which declares that "no action shall be brought upon a contract not to be performed within one year;" that these words relate to the procedure, to the *lex fori*, and are tantamount to a prohibition to entertain jurisdiction of suits on such contracts, wherever they may be made; that they operate on the suit like the statute of limitations; that, though the contract be good by the law of France, yet, inasmuch as the act forbids a suit upon such contract, no action can be maintained upon it. But at the same time, the judges say that a suit might be maintained on a contract void under the seventeenth section of the act, because that section does not prohibit the entertaining jurisdiction of actions on such contracts, but merely declares that the contract shall not be good; that, though not good by the English law, yet, being good in the country where made, it will be enforced.

The plaintiff's instructions should be in the language of the contract, as stated in his petition. The words of the first instruction, *delivered to a common carrier designated by the*

*defendants*, do not state the delivery as it is stated in the petition. Such a delivery may or may not be a delivery to the defendants, according to circumstances.

The court should instruct the jury on the case as now made, that if the contract stated in the plaintiff's petition is proved, they should find for him.

We do not see that the plaintiff was prejudiced by the refusal of the court to allow the amendment prayed for.

As to the law of delivery, and what constitutes it, no question as yet has been made concerning it. It can only come up, when the court below will let the plaintiff go before the jury on his contract as alleged; it will then be declared by instructions, as arising from the facts in the case. Until the law has thus been given to the jury, we do not consider ourselves warranted in declaring that a plaintiff cannot recover.

The other judges concurring, the judgment will be reversed, and the cause remanded.