CALDWELL, Appellant, v. DICKSON, Respondent.

1. A motion for a new trial on the ground of newly discovered testimony must be supported by the affidavit of the witness or witnesses expected to testify to the newly discovered facts.

*Appeal from Marion Circuit Court.*

This was an action on a note given for the hire of a slave for a year. After eleven months of the year had expired, the plaintiff had taken the slave from the possession of the defendant, and had sold her. The defence is based upon this fact.

*Anderson,* for appellant.

*Vanswearingen,* for respondent.

EWING, Judge, delivered the opinion of the court.

The evidence of the witness William B. Caldwell was properly excluded for irrelevancy. The paper to which he referred was a different one from that on which the suit was founded; he had no knowledge that it was ever delivered to the respondent, or that it was ever seen by him. The declarations of the respondent, as testified to by another witness (Hays), related to a paper not containing the stipulation of that mentioned by Caldwell, but one which was executed by the appellant and delivered to Dickson, which he (Dickson) admitted to be a part of the agreement respecting the hiring. This instrument gave respondent the right to return the slave to her owner before the year expired, if he chose to do so. These declarations of the respondent, as detailed by the witnesses, are also consistent with his answer to the rule to produce an instrument which plaintiff alleged contained a different stipulation. In no view, therefore, that we can take of the evidence of the witness Caldwell, whether considered alone or in connection with the testimony of other witnesses, had it any tendency to prove a contract of the kind alleged to have existed, and there was no error in excluding it.

The instructions asked by the respondent were based upon the hypothesis of an agreement between the parties to the suit, by which plaintiff was permitted to regain the possession of the slave, before the expiration of the year, in the event he should desire to sell her, respondent paying for the time he might keep her. There was no evidence of any such agreement, and nothing upon which to predicate such instructions, and they were properly refused.

The only remaining point is, the refusal of the court to grant a new trial. The ground alleged was newly discovered evidence. The affidavit in support of the motion states that the affiant has learned upon good and sufficient authority that there is a witness by whom he can prove that the instrument of writing containing the terms of the hiring of the slave contained a condition authorizing the plaintiff to take

said slave away from the defendant at any time during the year in case he chose to do so; that he had used great exertion to produce the evidence previous to the trial, but failed, and believes he can procure it at the next term of the court; and that he had no knowledge of the existence of this evidence before the trial, &c.

The application is defective for several reasons, but chiefly because the affidavit of the witness himself is not produced, stating the facts he would testify to on the trial. This should have been done, or some cause shown for failing to do so. In such cases, the best evidence of the truth of the allegations should be given, in order to guard against unfounded applications for new trials. It is not enough for the moving party to swear that he is *informed* and *believes* or has *learned* that new evidence has been discovered, or that a new witness has been found. The information must come directly from the newly discovered witnesses, so that it may appear what they ready are to testify. (3 Graham & Waterman, New Trials, 1067; Boggs v. Lynch 20 Mo. 566.)

The judgment will be affirmed; the other judges concurring.