LOUIS OBERT, Respondent, v. LOUIS H. STRUBE, Appellant.

St. Louis Court of Appeals, December 6, 1892.

1. **Practice, Appellate:** REMARKS OF COUNSEL IN ARGUMENT TO THE JURY. Counsel for the successful party in this cause through inadvertence mis-stated the testimony of one of the witnesses on one of the issues. On objection thereto by the other party, the trial judge remarked that he did not recollect the testimony on the subject, and would have to leave it to the jury to say whether or not the witness had given the testimony in question, and an exception was duly taken and saved. *Held*, that neither such misconduct on the part of counsel, nor such error upon the part of the court, was shown as would warrant the reversal of the judgment.

Obert v. Strube.

2. ——: ——: NECESSITY FOR OBJECTION IN TRIAL COURT. When a remark of counsel in course of argument to the jury is neither objected to nor excepted to in the trial court, it will not be noticed on appeal.

3. Practice, Trial: NEW TRIAL ON THE GROUND OF NEWLY DISCOVERED EVIDENCE. When a new trial is sought on the ground of newly discovered evidence, the affidavit of the new witness should be produced, or its absence satisfactorily accounted for.

4. Practice, Appellate: WEIGHT OF THE EVIDENCE. The evidence in this cause is considered, and is *held* insufficient to warrant the reversal of the judgment appealed from on the ground that it showed the verdict to be the manifest result of prejudice or mistake.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Lubke & Muench*, for appellant.

(1) The court erred in excluding from evidence the beer book or pass book of defendant. This book, according to defendant's testimony, contained the item of $93 rent sought to be recovered by plaintiff, and also the balances between plaintiff and defendant. It was material in showing that the balance in the second pass book, from which the items concerning, the balance on May 1, 1891, and the April, 1891, rebates were read, was correct. It also showed, if defendant's statement about it was true, that the rent of $93 had all been paid, one of the questions in issue. It was an admission of plaintiff against himself and a material one. It should, therefore, have been admitted. (2) The court erred in giving the instruction asked by plaintiff, particularly the part in italics. It referred the jury to the pleadings to find one of the issues, and was, therefore, improper. *Remmler v. Schenuit*, 15 Mo. App. 192. (3) The court erred in not rebuking plaintiff's counsel

for his mis-statements of fact to the jury, and for making statements not in the record. *Koch v. Hebel*, 32 Mo. App. 103; *Gibson v. Zeibig*, 24 Mo. App. 65; *Norton v. Railroad*, 40 Mo. App. 642. (4) The court erred in not sustaining defendant's motion for a new trial. One of its grounds was the discovery of new testimony since the trial. The affidavits filed with the motion show due diligence. The new testimony is not cumulative. The motion should, therefore, have been sustained. *Howland v. Reeves*, 25 Mo. App. 458.

*Rassieur & Schnurmacher*, for respondent.

ROMBAUER, P. J.—The plaintiff is a brewer, and the defendant the keeper of a bar-room, and one of the plaintiff's former customers. The action is upon an open account in which the defendant is debited with the price of merchandise (beer), furnished him by plaintiff from August, 1889, to April, 1891, with $93.75 cash, for rent, and three items of cash paid for licenses, and an item in the following words: "To cash for saloon, $830." He is credited with cash paid at various times, rebates on beer, and an item in the following words: "By promissory note on account, $250." This leaves a debit balance of $444.85, for the recovery of which the present action is brought. The defendant's answer is a general denial.

Upon the trial of the cause the defendant admitted that the amount of beer sold is correctly stated in the account; also, the amount *of cash paid by the defendant to the plaintiff*. It was also agreed that the defendant was entitled to the rebates allowed in the account, which the defendant claimed fell $9.75 short of the rebates to which he was in fact entitled, and the entire controversy on the evidence turned in substance on the last item of plaintiff's account for $830, and the rent

item for $93.75.   The jury found a verdict for plaintiff
for the whole amount claimed, and judgment was
entered accordingly.

The following errors are assigned by the defendant
who appeals:   That the court erred in not admitting in
evidence a certain beer pass book, in which the entries
were made by plaintiff;   that it erred in one of its
instructions to the jury;   that it erred in not rebuking
counsel for plaintiff for making improper remarks to
the jury; and that the court should have sustained the
motion for new trial on the ground of newly discovered
evidence.

It is essential to a clear apprehension of the merits
of these exceptions to state briefly the evidence upon
the trial.   In regard to the largest item contested, the
plaintiff testified, that he was the owner of the bar-room,
its fixtures and furniture in August, 1889; that the
defendant on that date called upon him with a view of
renting and running it, and that he told him that he
could have it, if he had the money to pay for it, and
that the price was $830.   The defendant told him that
he had no money, but that he would give a note with a
good indorser.   The defendant on the succeeding day
gave the plaintiff an indorsed note for $250, and was in
possession of the saloon.   On cross-examination the
plaintiff stated that he had laid out $830 for the
bar-room, and that the fixtures of it were worth between
$300 and $400; that he gave the defendant no bill of
sale; that he did not transfer the lease to him, but
permitted the defendant to take a new lease in his own
name, and that he did not charge him in his books
with the amount; that he charged in his ledger account
everything against the defendant, except this $830.
The following questions were then put to witness, and
he answered them as herein stated:   "*Q.*   Did you

ever put it down in an account? *A.* *No, sir, not in a book.*

"*Q.* Where did you put down that item of account? *A.* *We had an account separate for our fixtures.*

"*Q.* Then you think there were about $300 worth of fixtures, and about $500 worth of good will? *A.* *I think the place is worth that; it is worth that to-day.*"

"*Q.* There was at that time you say about $500 worth of good will? *A.* *Yes, sir, the place would sell for $1,500 at least.*"

The plaintiff's bookkeeper, Kuhs, testified on plaintiff's behalf, that, at the time when the bargain was made, he told the defendant that plaintiff had paid out on the place some $830, and they would let him have it for the same figure, whereupon the defendant replied: "You know I have no money, but I will give you a note with an indorsement for $250 on account, and I will pay the other according as I can;" and that the defendant thereupon gave the note and was let into possession. This same witness also testified that the defendant had no money for the first two months to pay the rent,—from August 9 until October 1,—and that this amounted to $93.75, "*which we charged up in his book.*" On cross-examination this witness testified that the beer books contain the accounts of customers, just as the ledger contains it, the beer book being an exact copy of the ledger. This witness nowhere testified that the item of $830 was put down to plaintiff's credit in any book of account for fixtures, or otherwise.

The defendant adduced testimony to show that the note for $250 had no connection with the purchase price of the bar-room, but was given to the plaintiff to secure him for advances to be made on behalf of defendant

for licenses; that he was not indebted for any rent to the defendant; that the good will of the bar-room at the time he took it was worth nothing, its custom having run down entirely; that the fixtures and furniture in the bar-room were not worth more than $60 or $70, and that in March, 1891, previous to repainting the fixtures, he offered $75 to the plaintiff for them, to which the plaintiff replied: "Go on and paint it all up, and I will make you a present of it after awhile." The defendant's evidence on this subject was corroborated by other witnesses. The defendant also testified that he never heard of any claim for $830 for this saloon against himself until this suit was instituted, and that the suit was instituted shortly after he ceased to be a customer of plaintiff for beer.

We think the court committed no error in excluding the beer book offered in evidence. All the evidence concedes that, touching the contested item of $830, this book contained no entry whatever; and whether it contained any entry touching the other contested item of $93.75, or not, is immaterial, since the defendant himself admitted that he did owe that item to the plaintiff at one time, but claimed to have paid it off in cash installments. Now, at the very outset of the trial, the defendant admitted that the cash paid by him to the plaintiff amounted to $6,201.40, which is the exact amount of credits given to the defendant in the account sued upon; hence, it must be presumed against the defendant, that, if he at any time did pay this $93.75, in cash, as he stated, he received credit for such payment in the aggregate item of $6,201.40, with which he is duly credited.

The court at the instance of plaintiff charged the jury among other things that, if they found that the plaintiff sold and delivered to the defendant *between August 31, 1889, and April 30, 1891, the beer mentioned*

*as merchandise in the account embodied in the petition, etc.* This instruction is complained of as referring the jury to the pleadings to find the issues. This is a misconception of the purport of the instruction. But since it is admitted by the defendant upon the trial that the amount of beer sold was correctly set out in the petition and account, no harm could have been done to the defendant if this question had been submitted to the jury even in a more objectionable form. There was no error in this instruction.

In his closing remarks to the jury the plaintiff's counsel said: "I say to you that the witness Kuhs, plaintiff's bookkeeper, did testify that, while it was true that the sum of $830 was not charged against the defendant Strube upon the petty ledger account, yet said charge was entered against defendant Strube in a so-called fixture account kept in another book." As a matter of fact no witness had thus testified. Witness Kuhs had not testified on the subject at all, and the plaintiff had testified that this item of $830 was not put down in any book, and added: "*We have an account separate for our fixtures.*" It is this last statement that probably misled plaintiff's counsel in making inadvertently the assertion, that the testimony showed that the sum of $830 was charged against the defendant in a fixture account book. When the counsel for plaintiff made this statement, counsel for defendant objected and asked the court to rebuke counsel for the unwarranted statement, to which the court replied that it did not recollect the testimony on that subject, and that it would have to leave it to the jury to say whether the witness had so testified or not. Counsel for the defendant excepted. This exception presents neither error on part of the court, nor misconduct on part of the counsel, so as to warrant a reversal. The record shows that counsel probably was honestly mistaken as

to the effect of the testimony, and all that the court could do, not recollecting the testimony on the subject, was to leave the matter to the jury, unless the official stenographer was present, in which case the matter could have been rectified by reference to his notes. But it does not even appear that the official stenographer was present. Another remark complained of in the argument of plaintiff's counsel we cannot notice, because neither objected to nor excepted to at the time.

The affidavits furnished in support of the newly discovered evidence were not sufficient to put the court in the wrong for refusing a new trial on that ground. The newly discovered evidence was of a cumulative nature, and the affidavit of the new witness was neither produced nor its absence satisfactorily accounted for, as should be done where a new trial is sought on that ground. *Boggs v. Lynch*, 22 Mo. 563; *Caldwell v. Dickson*, 29 Mo. 227; *Phillips v. Phillips*, 46 Mo. 607.

It has been strongly pressed upon our consideration that the verdict is so strongly opposed to the evidence as to lead to the necessary conclusion that it was the result of bias or prejudice. The verdict seems to be opposed to the weight of the evidence. It is also in one respect opposed to the probabilities of the case, it being highly improbable that, if the charge for $830 was a valid charge, the plaintiff should make no entry thereof in any book of account, nor call the attention of the defendant to it in any manner, until the defendant ceased to be one of plaintiff's beer customers. On the other hand it is equally improbable that the defendant, who is conceded to have been a man of very limited means, should have voluntarily overpaid the plaintiff to the amount of $218.40, which would be the result, conceding that the two contested items were erroneously

charged.   We are not justified in vacating the verdict
on the ground that it was the manifest result of preju-
dice or mistake.

Judgment affirmed.   All the judges concur.