THIRD NATIONAL BANK OF NEW YORK *v.* STEEL.

1. STATUTE OF FRAUDS — REPRESENTATIONS AS TO CREDIT OF AN-
OTHER—CONFLICT OF LAWS—REMEDY.

3 Comp. Laws, § 9518, providing that no action shall be
brought to charge a person by reason of any favorable repre-
sentation concerning the credit or ability of another, unless
such representation be in writing, signed by the person to be
charged, is directed against the remedy, and therefore applies,
though the representation was made in another State, where
there is no such statute.

2. SAME—PLEADING—GENERAL ISSUE.

The defense of the statute of frauds is available under a plea of
the general issue.

3. SAME—SIGNED STATEMENT—EVIDENCE.

Defendant cannot be held to have signed a written statement
presented to plaintiff through another June 27, 1895, as the
basis for a loan, and then unsigned, showing, by schedules
of resources and liabilities, that his father was worth over
$1,000,000, so as to allow an action against defendant thereon
under 3 Comp. Laws, § 9518, merely because he afterwards
sent plaintiff a signed letter, saying, "I remember, when
arranging the loan prior to October, 1895, of exhibiting state-
ment of my father's resources and liabilities, showing net re-
sources in excess of $1,000,000, as shown by his books, and at
the same time stating that considerable fire loss since the
date of the statement had reduced this amount somewhat;'
the letter not being sufficiently connected with the statement

Error to Clinton; Davis, J., presiding. Submitted
January 9, 1902. Decided February 11, 1902.

Case by the Third National Bank of New York against
George A. Steel for fraud and deceit. From a judgment
for defendant on verdict directed by the court, plaintiff
brings error. Affirmed.

*Spaulding, Norton & Dooling*, for appellant.

*H. E. Walbridge*, for appellee.

MONTGOMERY, J. This is an action brought against the defendant to recover the amount of a loan made to Robert M. Steel, which loan, it is alleged, was induced by the false and fraudulent representations of the defendant, George A. Steel. The declaration avers that on the 27th of June, 1895, the defendant represented that Robert M. Steel was worth a sum in excess of $1,000,000; that this representation was made through the instrumentality of an innocent agent, Gen. Spaulding, to whom was committed an unsigned statement of the resources and liabilities of Robert M. Steel under date of March 1, 1895. The plaintiff introduced testimony tending to support the averments of the declaration. The defendant offered no testimony in the case, but rested his defense upon the legal ground that our statute (3 Comp. Laws, § 9518) denies any remedy to the plaintiff in such case. The plaintiff shows that no such statute as that in question is in force in New York, and contends that, as it was expected that Gen. Spaulding would exhibit this statement to the plaintiff in New York, the law of New York should govern, and that the Michigan statute constitutes no bar. This is the first and most important question presented in the case.

The authorities are not in harmony as to whether, under a statute such as the one in question, the transaction is wholly void, or whether the effect and force of the language is simply to exclude the remedy. There are not wanting authorities which sustain the contention of plaintiff, and which hold, in construing statutes similar to this, that the case is to be ruled by the law of the State where the transaction occurs or the contract is made, and that a contract valid in another State is not rendered invalid in the State where the action is brought. Plaintiff's counsel cite and rely upon the case of *Kling* v. *Fries*, 33 Mich. 275, in support of their contention. The question involved in that case was whether a contract valid in the State where it was entered into could be enforced in this State, in view of our statute (3 Comp Laws, § 9516),

which provides that "no contract for the sale of any goods, wares, or merchandise, for the price of fifty dollars or more, *shall be valid,* unless the purchaser shall accept," etc. It was held that this section of the statute had reference to contracts made within the State; and such, we think, would be the holding in any jurisdiction. There are, however, cases, like *Cochran* v. *Ward,* 5 Ind. App. 89 (29 N. E. 795, 31 N. E. 581, 51 Am. St. Rep. 229), which apply the same rule to a statute such as the one involved in the present case. Our statute reads as follows:

" No action shall be brought to charge any person upon or by reason of any favorable representation or assurance made concerning the character, conduct, credit, ability, trade, or dealings of any other person, unless such representation or assurance be made in writing, and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized." 3 Comp. Laws, § 9518.

The peculiar wording of this section distinguishes it from those sections of the statute which declare that a contract made without certain prescribed formalities shall not be valid, or shall be void. The cases which fail to note this distinction usually refer to Story, Confl. Laws, § 262. The first case in which the distinction between the two sections was noted is the carefully considered case of *Leroux* v. *Brown,* 12 C. B. 801. This case was argued at length. A separate opinion was filed by each of the justices, all concurring, and the conclusion reached that under the language of the statute (section 4 of the British act), which provides that "no action shall be brought upon any agreement," etc., the contract was not necessarily void, but that this provision affected the remedy, and that, as it affected the remedy, the *lex fori* governed. The views expressed by Judge Story in his work above cited were called to the attention of the court, but the chief justice answered by saying, " Dr. Story puts the fourth and seventeenth sections together, as both avoiding the contract;" showing that, in the view of the court,

Judge Story had failed to note the true distinction. This case of *Leroux* v. *Brown* was followed in *Downer* v. *Chesebrough*, 36 Conn. 39 (4 Am. Rep. 29), and was cited approvingly by Mr. Justice Matthews in *Pritchard* v. *Norton*, 106 U. S., at page 134 (1 Sup. Ct. 102).

In 1 Brandt, Sur. (2d Ed.) § 52, it is said:

"The statute of frauds does not provide that the contract to answer for another shall be illegal or void if not in writing. It says 'no action shall be brought.' The contract is just as legal since the enactment of the statute as it was before, but no action can be brought to enforce it. * * * As the prohibition is against the remedy, the courts of a country in which the statute prevails will not enforce an unwritten contract of suretyship or guaranty made in another country, which was perfectly valid and enforceable in the country where the contract was made. This is upon the principle that, while the validity and binding force of a contract depends upon the law of the country in which it is made, the remedy is always governed by the law of the country in which the action is brought."

In Whart. Confl. Laws, at section 690, it is said:

" But the question shifts where there is a local statute, like the statute of frauds, directing that no suit shall be sustained, in certain classes of cases, except on written testimony. Such statutes are based on moral grounds. Their object, as is shown by the title of that which served as the pattern of all others, is to prevent fraud and perjury. Here, then, would come into play the position on which Savigny lays such great stress, that moral laws, or laws to effect moral ends, which are imposed by particular States, are peremptory and coercive, and are to be taken as rules of procedure by the judges of such States."

The writer refers to the position of Judge Story, and criticises it, and directs attention to a note appended to Judge Story's work by Judge Redfield, as follows:

" We must confess that upon principle, as the statute does not declare the contracts void, but only that no action or suit, either in law or equity, shall be maintained on such contract, it ought to be regarded as a statute affecting the remedy, rather than the contract; and that, wherever

made, it could not be sued in the courts of a State where the statute expressly provided that no such action shall be maintained."

In Anson, Cont. p. 62, referring to the provisions of section 4 of the English statute, it is said:

"The terms of the section do not render such a contract void, but they prevent it being enforced by action. The contract, therefore, though it cannot be sued upon, is yet available for some purposes."

And in a note, referring to some of the cases which are apparently opposed to the doctrine of *Leroux* v. *Brown*, it is said:

"In none of these cases is the proposition announced in *Leroux* v. *Brown* considered. They are decided on the assumption that the note or memorandum required affects the validity of the contract. While many of the cases involve contracts for the sale of chattels, still the decisions are not based on any distinction between the seventeenth and fourth sections, except *Houghtaling* v. *Ball*, 20 Mo. 563."

In our view, the better reasoning is found in the case of *Leroux* v. *Brown*, and the authorities which follow it; and the holding of the circuit judge upon this point is sustained.

But it is contended that this defense was not open to the defendant, for the reason that the statute of frauds was not pleaded. We think the general issue was sufficient to enable the defendant to raise the question. It goes to the whole liability. See *May* v. *Sloan*, 101 U. S. 231; *Busick* v. *Van Ness*, 44 N. J. Eq. 82 (12 Atl. 609). While the authorities are not uniform upon this question, we think the better rule is that a general denial puts the plaintiff to his proof of a contract complying with the law, or of a transaction which would render the defendant liable. For a collection of authorities sustaining this rule, see 9 Enc. Pl. & Prac. 709. While the question has never been distinctly ruled by this court, it has been assumed in many cases that the defense of the statute of frauds was open

under the general issue. Subdivisions *b* and *c* of Circuit Court Rule No. 7, cited in the brief of counsel for plaintiff, have no application.

It is further contended that the circuit judge erred in directing a verdict, and in refusing to admit a certain letter written by defendant, for the reason that, had the letter been received, it would have shown, in effect, that there was a written statement signed by George A. Steel. The contents of the letter offered in evidence were as follows, the letter being addressed to the president of the plaintiff bank:

" I remember, when arranging the loan prior to October, 1895, of exhibiting statement of my father's resources and liabilities, showing net resources considerably in excess of one million, as shown by his books, and at the same time stated that considerable fire loss since the date of statement reduced this amount somewhat."

Was this letter so connected with the statement in question as to make the latter a signed statement, within the meaning of the statute? It will be noted that the statement introduced in evidence was not exhibited by defendant, George A. Steel, in person, but by Gen. Spaulding. It will also appear that there was not enough in this writing to identify the statement, either as to amount or date, but parol evidence would have to be introduced to connect them. Further than that, the exhibited statement was, according to the terms of the letter introduced, not the whole substance of the communication made by defendant to the plaintiff. We think, therefore, it cannot be said that this amounted to a signed statement, within the requirements of this statute.

The judgment will be affirmed.

HOOKER, C. J., and MOORE, J., concurred. LONG and GRANT, JJ., did not sit.