McGAVOCK *v.* DUCHARME.

1. CONSTITUTIONAL LAW — BROKERS—CONTRACTS — COMMISSIONS—
   STATUTE OF FRAUDS.
   The provisions of Act No. 238, Pub. Acts 1913, rendering
      void contracts between brokers and owners of real prop-
      erty which are not in writing, affect the validity of the
      agreement and, hence, could not be held to invalidate pre-
      existing contracts which were not expressly included by
      the terms of the statute (3 Comp. Laws 1915, § 11981),
      which must be construed in the light of the limitation of
      the Federal Constitution relating to laws that impair the
      obligation of contracts.[1]

2. SAME—EVIDENCE—VOID CONTRACT.
   The statute, providing that every agreement, promise or
      contract to pay any commisison, etc., shall be void, is not
      a rule of evidence merely, but goes to the basis of the
      contract itself, and renders it absolutely void.

3. SAME—STATUTE OF FRAUDS.
   The statute of frauds (3 Comp. Laws 1915, §§ 11975, 11977)
      does not apply to a contract for the exclusive agency
      to sell real estate for the period of one year on the theory
      that it creates an interest in the real estate.

4. BROKERS—EXCLUSIVE AGENCY—TRIAL.
   Where the evidence of a broker, in an action for commis-
      sions, was met and contradicted by defendant, who denied
      that he had given an exclusive agency, the question was
      one for the jury.

Error to Wayne; Lamb, J., presiding. Submitted
April 10, 1916. (Docket No. 64.) Decided June 1,
1916.

[1]As to power of legislature to require contracts for commis-
sions for finding purchaser for real estate to be in writing, see
note in 33 L. R. A. (N. S.) 973. And as to necessity that agent's
authority to purchase or sell real property be in writing to en-
able him to recover compensation for his services, see notes in
44 L. R. A. 601, 9 L. R. A. (N. S.) 933, 46 L. R. A. (N, S,) 129.

Assumpsit by James E. McGavock against George A. Ducharme for broker's commissions. Judgment for plaintiff. Defendant brings error. Affirmed.

*Jay Fuller* (*Charles C. Fuller*, of counsel), for appellant.

*Dohany & Dohany*, for appellee.

Kuhn, J. The plaintiff in this action sues the defendant for commissions on the sale of real property. It is claimed that the defendant had given him the exclusive sale for one year on a 3 per cent. commission, and had sold the property within the year directly to a customer secured by the plaintiff. The defendant requested the court to charge that the contract was void under Act No. 238, Pub. Acts 1913, which amends section 9515, 2 Comp. Laws (section 11399, 4 How. Stat. [2d Ed.] [3 Comp. Laws 1915, § 11981]), by adding the clause, "Every agreement, promise, or contract to pay any commission for or upon the sale of any interest in real estate," with the result that such agreements are void unless they, or a memorandum thereof, are in writing and signed by the party to be charged. It is conceded that the contract sued on in this case was oral. This act was approved May 7, 1913, and by section 21 of article 5 of the Constitution took effect in August, 1913. The contract was entered into, if at all, in June, 1913. The trial court refused the request, on the ground that the act became a law subsequent to the making of the contract, and therefore did not govern the contract, and that, if it were given the effect asked for, it would impair the obligation of the contract, in violation of the Federal Constitution. The case was submitted to the jury as unaffected by the act, and a verdict was rendered for the plaintiff in the sum of $5,092.63.

The principal ground relied upon for reversal of the judgment is the refusal to allow Act No. 238, Pub. Acts 1913, to affect the contract. Defendant's counsel contends that the act states a rule of evidence merely, and is applicable to all contracts sued on after it took effect. No distinction is made between those statutes which read, "No action shall be brought upon any agreement," etc., not in writing, and those which read, as does this one, "Every agreement, contract, or promise shall be void," etc., unless in writing. Decisions are cited from the Massachusetts and Ohio courts, and the case of *Third National Bank* v. *Steel*, 129 Mich. 434 (88 N. W. 1050, 64 L. R. A. 119), is relied upon. In this case the statute involved forbade the bringing of an action on verbal contracts of a designated class, but did not in terms make such contracts void. In the case of *Emery* v. *Burbank*, 163 Mass. 326 (39 N. E. 1026, 28 L. R. A. 57, 47 Am. St. Rep. 456), Justice Holmes recognizes the logical difference between statutes which are "addressed to the necessary constituent elements, or legality, of the contract on the one hand" (such as the statute involved in the instant case), and those addressed "to the evidence by which it shall be proved on the other." Nevertheless, in many jurisdictions, including Massachusetts and Ohio, contracts not evidenced by writing are held to be merely voidable, whether in the class declared by statute to be invalid when not in writing or in the class upon which no action may be brought. Quoting from 29 Am. & Eng. Enc. Law (2d Ed.), p. 814:

"In most cases the ground of the decision is that the statute merely declares that 'no action shall be brought' upon an oral contract, and that the effect of such a statutory provision is simply to preclude the bringing of an action to enforce, or to prevent the introduction of parol evidence to prove, the contract. In some jurisdictions a similar effect is given to statutory declarations that oral contracts shall be 'void' or shall not

'be allowed to be good.' On the other hand, it has been held that, where the statute provides that contracts shall be 'void' unless evidenced by writing, such contracts must be considered in all respects as nullities."

See note appended.

The statute under consideration is one of the latter kind, and in the early case of *Abell* v. *Munson,* 18 Mich. 306 (100 Am. Dec. 165), such a statute was held to render contracts coming within its provisions absolutely void. This rule has not been departed from in Michigan. See *Ball* v. *Harpham,* 140 Mich. 661 (104 N. W. 353), and the many cases cited in the note appended to section 11399, 4 How. Stat. (2d Ed.).

Act No. 238, Pub. Acts 1913 (3 Comp. Laws 1915, § 11981), had no force as law until the time it took effect in August, 1913, and therefore did not affect this contract. See *Rice* v. *Ruddiman,* 10 Mich. 125; *Price* v. *Hopkin,* 13 Mich. 318; 36 Cyc. p. 1192. When it did acquire the force of law, it did more than state a rule of evidence, as is contended. It deprived all contracts within its purview of legality, and impaired their obligation. But it could only have this effect on contracts made subsequently; for to affect contracts made previously would impair their obligation, and thus violate the Federal Constitution.

"The rule that statutes are not to be construed retrospectively unless such construction was plainly intended by the legislature applies with peculiar force to those statutes the retroactive operation of which would impair or destroy vested rights." 36 Cyc. p. 1210.

"The statute of frauds has no retrospective force. It does not apply to agreements entered into before its adoption as a law." 29 Am. & Eng. Enc. Law (2d Ed.), p. 814.

See, also, *Cargill* v. *Power,* 1 Mich. 369; *Price* v. *Hopkin,* 13 Mich. 318; *Board of Supervisors of Arenac*

*County* v. *Board of Supervisors*, 158 Mich. 344; 15 Am. & Eng. Enc. Law (2d Ed.), pp. 1047, 1051; 20 Cyc. p. 281.

The defendant contends that, if Act No. 238, Pub. Acts 1913, does not affect the contract, it was invalidated by sections 9509 and 9511, 3 Comp. Laws (3 Comp. Laws 1915, §§ 11975, 11977), on the theory that the contract set up by the plaintiff was not one for services, but one creating an interest in the land or power over it. But this theory was held untenable in *Brittson* v. *Smith*, 165 Mich. 222 (130 N. W. 599).

The third contention of the defendant is that the verdict was contrary to the great weight of the evidence. The record shows that the plaintiff testified on the trial that the defendant gave him the exclusive sale of the entire lot or a portion of it at their first meeting, in June, 1913, which occurred before Act No. 238 took effect. The defendant denied this, testifying:

"I always told him that he didn't have the sale of the property, and he understood that, but I told him, if he would bring me in a customer, I would consider it. That was the only understanding we had."

This conflict in the testimony presented a direct issue of fact, which it was the province of the jury to decide. They decided it in favor of the plaintiff, and an examination of the record does not satisfy us that the trial court erred in denying the motion for a new trial on the ground that the verdict was not against the great weight of the evidence. See *Druck* v. *Lime Co.*, 177 Mich. 364 (143 N. W. 59), and cases therein cited.

The judgment is affirmed.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.