Robinson, J.
The plaintiff in error, The Detroit & Cleveland Navigation Company, is, and was at the time of entering into the contract here sued upon, a corporation organized under the laws of the state of Michigan. The defendant in error, Colby Hade, was at the same time a resident of the state of Michigan. During the month of May, 1920, the parties hereto entered into a verbal contract in the state of Michigan whereby the plaintiff in error agreed to pay the defendant in error a commission upon the defendant in error procuring a purchaser for a certain property in the city of Toledo, Ohio. The exact terms of the contract and its performance are in dispute, and upon the disputed issues testimony was heard and many exhibits in the nature of cor *465 respondence between plaintiff in error and the city and the defendant in error and the city were introduced. The testimony of the witnesses, however, disclosed no contract between plaintiff in error and defendant in error other than the contract entered into in the state of Michigan during the month of May.
The correspondence in the record, by way of exhibits, discloses no meeting of minds between plaintiff in error and defendant in error which could constitute a contract independent of the verbal contract of May 29th made in the state of Michigan.
The right, then, of the defendant in error to recover was grounded upon the agreement entered into in the state of Michigan, and the petition so states. The only purpose which the correspondence serves in establishing a contractual relation between the plaintiff in error and the defendant in error is to tend to prove or disprove the contentions of the parties thereto with reference to the verbál contract of May 29th, entered into in the state of Michigan. By reason of the utter failure of the meeting of the minds of' the parties it is not effective to establish a contract independent of the contract of May 29th.
According to the evidence of the defendant in error the contract authorized him to sell the property to whomsoever might be willing and able to buy, without restrictions in that respect. The sale itself, therefore, under the terms of the contract as claimed by defendant in error need not necessarily have been performed in any particular state..'
The contract, according to the evidence of the plaintiff in error, authorized the defendant iii error to sell to all the world save and except the city of *466 Toledo. Accepting then either version, the contract was made in the state of Michigan between residents of the state of Michigan to be performed anywhere, and no presumption arises by reason of the location of the property within the state of Ohio that the sale thereof was to be performed in the state of Ohio. The presumption, however, does arise, that the payment of the compensation to the defendant in error for his services under the contract was to be made in the state where he resided.
We, therefore, have the situation of the parties to the litigation, both residing in the state of Michigan, entering into a contract for service to be performed anywhere, the compensation therefor to be paid in the state of Michigan. The service was performed in the state of Ohio. The suit was brought in the state of Ohio. If the law of Ohio is applied the defendant in error is entitled to recover. If the law of Michigan is applied the defendant in error is not entitled to recover.
This court in the case of Niagara County Bank v. Baker, 15 Ohio St., 68, held: “The existence, construction, and legal effect of foreign statutes, are rather matters of fact than of law, and when they have received an authoritative construction where they are enacted, no inquiry into the correctness of such construction is allowable.” And in the case of Kanaga v. Taylor, 7 Ohio St., 134, it held: “By the law of comity between different states, the lex loci contractus controls as to the validity and construction of personal contracts, though not as to the remedy or rule of evidence; nor where it clashes with the rights of our own citizens, or the policy of our own laws.”
*467 The statutory law of Michigan, Section 11981, provides:
“In the following cases specified in this section, every agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized, that is to say: * * *
“5. Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate.”
The supreme court of Michigan has construed this statute in the case of McGavock v. Ducharme, 192 Mich., 98, wherein it held: “The statute, providing that every agreement, promise or contract to pay any commission, etc., shall be void, is not a rule of evidence merely, but goes to the basis of the contract itself, and renders it absolutely void.” And in Paul v. Graham, 193 Mich., 447, that court held: “A memorandum, to be sufficient, must be complete in itself and leave nothing in parol. In an agreement to pay broker’s commissions, the time of payment, rate of commission, and time of termination, etc., are essential elements which should be mentioned in the contract.” In Smith v. Starke, 196 Mich., 311, it held: “Under said act * * * no recovery can be had upon the quantum meruit for services performed under an agreement which is void thereunder.”
Under the law of Michigan, then, this suit could not have been maintained in that state.
Section 1, Article IV of the Constitution of the United States, provides:. “Full faith and credit *468 shall be given in each state to the public acts, records, and judicial proceedings of every other state. ’ ’
‘ ‘ Full faith and credit to the public acts and judicial proceedings” of the state of Michigan are not given by the state of Ohio when its courts permit a party to a suit in which both parties are residents of the state of Michigan to recover in the Ohio courts upo'n a contract entered into in the state of Michigan to be performed anywhere, void where made, simply because the plaintiff below was able to secure service upon the defendant below within the state of Ohio.
In, the case of Chicago & Alton Bd. Co. v. Wiggins Ferry Co., 119 U. S., 615, at page 622, the supreme court of the Ukiited States held: “Without doubt the constitutional requirement, Art. IV, §1, that ‘full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state,’ implies that the public acts of every state shall be given the same effect by the courts of another state that they have by law and usage at home.”
To the same effect are the cases Smithsonian Institution v. St. John, 214 U. S., 19, 28; El Paso & Northeastern Ry. Co. v. Gutierres, 215 U. S., 87, and Atchison, Topeka & Santa Fe Ry. Co. v. Sowers, 213 U. S., 55.
The trial court erred in the admission of evidence as to the verbal contract entered into in the state of Michigan, in refusing to direct the jury to return a verdict in favor of defendant at the close of the evidence of plaintiff below, and in refusing to direct a verdict at the close of all the evidence.
*469 The judgment of the court of appeals and the judgment of the court of common pleas will be reversed, and this court entering the judgment which the trial court ought to have entered will render judgment for the plaintiff in error.

Judgment reversed, and judgment for plaintiff in error.

Marshall, C. J., Hough and Clark, JJ., concur.