No. 24,886.

MATTIE A. LEMEN et al., *Appellants,* v. B. A. SIDENER and HENRY W. WACKER, *Appellees.*

SYLLABUS BY THE COURT.

SPECIFIC PERFORMANCE—*Oral Contract for Sale of Real Estate—Law of Forum Governs—Contract Void Under Statute of Frauds.* An action for damages for refusal to purchase real property according to a contract for the sale thereof cannot be maintained in this state where the contract was not signed by the person purchasing the property nor by an agent authorized by him· in writing so to do, although the contract was made in another state for the sale of real property in that state and was enforceable according to the laws of that state.

Appeal from Kiowa district court; LITTLETON M. DAY, judge. Opinion filed May 10, 1924. Affirmed.

*F. L. Martin,* of Hutchinson, and *John D. Beck,* of Greensburg, for the appellants.

*J. W. Davis,* of Greensburg, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: As commenced, the action was one to enforce specific performance of contract for the sale of real property in Texas, but the action developed into one for specific performance or for the damages caused by the failure of the defendants to perform the contract. A demurrer to the amended petition was sustained, and from that ruling, the plaintiffs appeal.

The amended petition alleged that the plaintiffs were partners, were engaged in the real-estate business and owned a large tract of land in Kiowa county, Kansas; that through the defendants they mortgaged that land to secure money which they invested in a large tract of land in Texas; that they were unable to pay the interest on the mortgage; that, at the request of the defendants, the holder of

the mortgage commenced an action and obtained judgment thereon; that for the purpose of raising the money with which to discharge their obligations, the plaintiffs determined to sell the real property in Texas at auction; that they contracted with King Bros., auctioneers, of Hutchinson, Kan., to sell the land; that the plaintiffs, together with the auctioneers, advertised the Texas real property for sale to the highest bidder at public auction; that at the time advertised for the sale, a large crowd attended the place of sale; that before the sale was commenced, the auctioneer read the sale notice, which gave the terms of the sale and which had been signed by the plaintiffs; that he read the form of written contract which each purchaser would be required to sign; that he exhibited a map and read a description of each tract of land to be sold; that the defendants were present and heard the auctioneer read the terms of the sale, the form of contract to be signed, and the description of the land; that a clerk for the sale was appointed; that the tracts were sold separately; that a number of sales were made to each of the defendants; that the clerk made in a book a memorandum of each sale, giving a description of the property sold, the price at which it was sold, and wrote thereon the name of the purchaser; that on a map of the real property the clerk wrote the name of the purchaser of each tract; that under the laws of the state of Texas and by the decisions of the supreme court of that state, it was not necessary, on the sale of real property, that an agent be authorized in writing to make a binding contract of sale; that the defendants had knowledge that the plaintiffs had contracted with the auctioneers and were obligated to pay the auctioneers a large commission; that the defendants remained until the sale was over; that they requested of the clerk that signing of the contracts and payment of part of the purchase price be postponed until they returned to Greensburg, Kan., to which the plaintiffs consented; that the plaintiffs signed the contracts for the sale of the real property; that the defendants refused to sign them and refused to pay the purchase price in the sum of $51,500.

The amended petition does not allege that any contract or memorandum was signed by the defendants nor that the auctioneer or the clerk were in writing authorized to sign any contract or memorandum for them.

The following memorandum made in his book by the clerk con-

cerning one of the sales to Mr. Sidener will illustrate the memorandum made by the clerk in each of the sales:

> "Sec. 53, Blk. 1-B&B.
> 680 acres
> Entire sec. up.
> (Mr. Sidener
>     $20.50
> Mullinsville, Kansas.)
> $13,940.00."

The defendants argue that the contracts for the sale of real property came within the provisions of the statute of frauds of the state of Kansas because no memoranda thereof were signed by them, nor by anyone for them authorized in writing so to do. The plaintiffs argue that the defendants are estopped to urge the statute of frauds, and that that estoppel is pleaded in the petition.

Section 33-106 of the Revised Statutes in part reads:

"No action shall be brought whereby to charge a party upon . . . any contract for the sale of lands . . . unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized in writing."

There cannot be any question that if the contract had been made in this state for the sale of land in this state, it would not have complied with the statute of frauds because the defendants did not sign it nor in writing authorize anyone else to sign it for them. 25 R. C. L. 698 is cited. The following language is there used:

"As regards the statute of frauds, a contract for the sale of an interest in land is, as a general rule, governed by the law of the state where the land is situated. It has also been held that, if the contract is entered into in the state in which the land is situated and is unenforceable under the statute of that state, it cannot be enforced in another jurisdiction though it would have been valid in the latter jurisdiction if it had been made there and the land had been there situated. The converse of this is also maintained and it has been held that if an oral contract for the sale of an interest in land is valid in the state in which it was made and where the land was situated it may be sued on in another jurisdiction though it would have been unenforceable if it related to land situated in the state of the forum and had been there made. On the other hand the principle that a provision of the statute of the forum that 'no action shall be brought' on an oral contract for the sale of an interest in land has been held to relate to the remedy to the same extent as the other contracts enumerated in the statute, thereby precluding the enforcement of the contract in the state of the forum, though it was enforceable in the state where the land was situated."

In *Barbour v. Campbell,* 101 Kan. 616, 168 Pac. 879, the court said:

"Plaintiff pleaded the Idaho statute of frauds and offered proof that the defendant's oral promise to pay her father's debt did not fall within the ban of the Idaho statute and that it would be enforceable in that state. Ordinarily a contract which is valid where made is valid everywhere, but there is a well-known exception to that rule. Briefly stated, the exception is that where the contract contravenes the settled public policy of the state whose tribunal is invoked to enforce the contract, an action on that contract will not be entertained. (*Third Nat. Bank of New York v. Steel,* 129 Mich. 434; *Heaton v. Eldridge & Higgins,* 56 Ohio St. 87; Cooley's Constitutional Limitations, 7th ed., p. 178; 9 Cyc. 674-677; 5 R. C. L. 917, 918, 944, 945.)" (p. 617.)

*Barbour v. Campbell,* supra, puts this state among those to which attention is called to the last sentence of the excerpt from R. C. L.

The facts pleaded do not take this case out of the operation of the statute of frauds. The petition did not state a cause of action. The demurrer to it was properly sustained.

The judgment is affirmed.