## Long v. Herr.

Leaving a description of property by the owner or his agent with a real estate broker, accompanied by a request to sell on terms and at a price designated, is a sufficient contract of employment.

*Appeal from County Court of Arapahoe County.*

PLAINTIFFS, Theodore W. Herr & Co., were real estate agents, doing business in the city of Denver. Defendant, William Long, was the owner of lot 9, block 21, East Denver, with improvements thereon, and undertook to sell the same. In 1881 he executed and delivered to plaintiffs the following writing:

"DENVER, COLORADO, July 26, 1881.

"I have this day placed in the hands of Theodore W. Herr & Co. for the period of three months, and until withdrawn by written notice, the following described property, viz., lot 9, block 21, E. D. Wazee, between 17th and 18th streets, six-room frame house, to be sold or exchanged by them at a price not less than twenty-five hundred dollars; they to have as compensation for their time, trouble, advertising, etc., all obtained over said price, and five per cent. commission; and I agree to make a perfect and unincumbered title to the property, at price agreed upon, when required. If sold or exchanged in the meantime without their agency, one-third of above compensation to be paid. Terms: $2,000 may stand at ten per cent.

[Signed]          "WILLIAM LONG, 279 Glenarm."

(*Memoranda* in pencil:) "Sold September 8, 1881, to Welsh & Campbell, $2,400. July 14, 1882, wrote postal."

On the date mentioned in the writing the property was recorded on plaintiffs' books, which books were kept in their office for inspection by all persons desirous of purchasing city lots or lands. It was held for sale, and duly advertised by posting upon the bulletin board in front of the office. The undisputed testimony of the senior partner tends to show that it was also advertised by plaintiffs in one or more newspapers, and that several prospective purchasers were driven to and shown the premises by them, in the endeavor to make a sale thereof. On the 8th of September, 1881, being about six weeks after the

execution of the writing aforesaid, defendant, through another agent, without the knowledge of the plaintiffs, sold the property. He neither paid nor offered to pay plaintiffs any commission; and when, upon accidentally discovering that the sale had been made, plaintiffs demanded of him such commission, he denied any liability therefor. Thereupon this action was brought before a justice, and, on appeal, judgment was given by the county court in plaintiffs' favor for the sum of $41.67. From that judgment the present appeal was taken.

Mr. J. B. BROCKWAY, for appellant.

Mr. C. G. CLEMENT, for appellee.

HELM, J. Appellant contends that the evidence before us wholly fails to show any such employment of plaintiffs as entitles them to commission or compensation from defendant. Fitch, in his work on the subject of Real Estate Agency, at page 15, with reference to contracts of this nature, uses the following language: "It is not necessary that the employment should be in writing. The leaving a description of the property at the office of the broker by the owner or his agent, with a request to sell it on terms and at a price designated, is a sufficient employment." The doctrine thus stated seems reasonable, and is sustained by authority. The writing set out in the statement of facts preceding this opinion may not, technically speaking, itself constitute a contract of real estate brokerage between parties. It is nevertheless a written statement under the signature of defendant, admitting the existence of such a contract as defined by Mr. Fitch. We think that this contract was perfectly valid. The consideration for defendant's promise to pay the commissions mentioned was the services to be rendered, and the expense to be incurred, by plaintiffs, in their efforts to make a sale of the property. But, by the terms of the employment, if, during the three months

specified, and before written notice withdrawing the property from plaintiffs' hands, defendant himself, or another agent for him, disposed of it, he was to pay plaintiffs one-third of the amount to have been allowed them as commissions had they made the sale themselves. Counsel for defendant disputes this construction of the agreement, but we think the matter too plain for serious discussion. The skill and good faith of plaintiffs' efforts under the employment are not questioned. It appears that the property when sold brought less than $2,500; therefore plaintiffs would be entitled to but one-third of five per cent. of that sum. This much we think defendant was clearly liable for, and so evidently thought the county court. The judgment is affirmed.

*Affirmed.*