IRA V. REASONER ET AL., APPELLEES, V. JOHN W. YATES ET
AL., APPELLANTS.

FILED FEBRUARY 10, 1912.   No. 16,608.

1. Brokers: SALE OF LAND: LIABILITY FOR COMMISSIONS.   If a vendor
of lands enters into a contract of sale of the same with a com-
petent purchaser produced by a land broker or agent, the sub-
sequent inability of the vendor to convey a good title, by reason
of which the contract is not performed, does not release him from
the obligation to pay the agent's commission.

2. ———: ———: ———.   The fact that the contract is canceled
afterwards by mutual consent of the vendor and the vendee can-
not affect the right of the agent to recover the agreed compensa-
tion for procuring a purchaser, where the vendee has at all times
been in such a position that performance could have been en-
forced.

3. ———: ———: ———: SUBAGENTS.   So, also, with reference to the
liability of a general agent for commission to persons whom he
may employ as subagents.   In such transactions the original
agent stands in the same relation to the subagent as the vendor
does to him, and, when the subagent has produced a purchaser
with the requisite qualifications, the liability of his principal to
pay the agreed commission exists, irrespective of whether the
owner of the land refuses to ratify the sale or is unable to make
a good and satisfactory title.

4. ———: ———: ———.   In an action by an agent against an owner,
if the only reason that a sale has not been completed is that the
vendor cannot furnish a good and perfect title, it is not essential
to recovery that the owner had represented to him that his title
is good.   Neither is it so in a case of subagency.

5. Evidence: SECONDARY EVIDENCE: ADMISSIBILITY.   A carbon copy of
a letter was properly received in evidence, when it was proved
that the original had been duly mailed to the address of defend-
ants at their usual place of business, that notice had been served
upon them to produce the original for inspection, that it had not
been produced, and that it was stated at the trial that they had
made diligent search and were unable to find the same.

6. Brokers: SALE OF LAND: APPLICABILITY OF STATUTE: SUBAGENTS.
The provisions of section 10856, Ann. St. 1911, providing that con-
tracts for the sale of lands, "between the owner thereof and any
broker or agent employed to sell the same, shall be void, unless
the contract is in writing," are not applicable to a contract made

between an agent of the owner employed to sell the lands and a subagent whereby the agent agrees to pay the subagent a specific commission if he procure a purchaser for the land.

7. ———: ———: EVIDENCE. Evidence examined, and *held* to justify the giving of certain instructions and to sustain the verdict of the jury.

APPEAL from the district court for Jefferson county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*Heasty, Barnes & Rain* and *McKesson & Turner,* for appellants.

*C. A. Robbins* and *E. A. Wunder, contra.*

LETTON, J.

This action was brought to recover commissions claimed to have been earned by the plaintiffs as subagents for the defendants in the sale of certain lands situated in Colorado. Plaintiffs were land agents, whose place of business was in Lincoln, Nebraska. Defendants were in the same business in Colorado Springs, Colorado. There are six causes of action set forth in the petition. The first alleges that the plaintiffs by an oral agreement with defendants undertook to procure persons who would purchase certain lands in the San Luis valley through and from the defendants as agents of the owners, and defendants undertook and agreed to pay to plaintiffs 10 per cent. of the purchase price of each piece of the land sold to such purchasers. The plaintiffs advertised the lands extensively, and procured a purchaser ready, willing and able to purchase, whereby the agreed commission became due and payable. The first six causes of action are identical, except as to the name of the purchaser, the date and amount of the sale, and the amount of commission. The seventh cause of action is of like nature, except that it alleges a part payment of the commission and a balance due. The answer is a general denial to the first six causes of action, and a settlement as to the seventh. The settle-

ment is denied by the reply. A verdict was returned for the plaintiffs. The court required a remittitur of a part of the recovery, overruled the motion for a new trial, and rendered judgment.

Defendants first contend that the recovery is excessive for the reason that two of the purchasers failed to complete the purchase on account of the owners of the land failing to furnish satisfactory title thereto, and also in this connection complain of the giving of instructions Nos. 1 and 13, given at request of plaintiffs. These instructions in substance told the jury that the plaintiffs were entitled to their commission after a contract of sale was made and the purchasers were able, ready and willing to comply with the terms of sale. Defendants argue that the evidence shows that "the prospective purchaser was able, ready and willing to buy, provided he should receive a good title, but the good title was not forthcoming so he was not willing to purchase," and, hence, the contract was never fulfilled.

The evidence shows that one of the purchasers to whom the law laid down in these two instructions is applicable was able, ready and willing to carry out the contract from the time it was made in 1907 until the time of the trial in 1909, but was prevented from doing so by the inability of defendants to convey a good title, and that the other purchaser had also been ready to fulfil until the contract was finally canceled by his consent and that of the defendants for the same reason. It is also shown that the plaintiffs had no hand in this cancelation, and did not waive their right to a commission on the sale. It is settled law in this state that, where the vendor of lands enters into a contract of sale of the same with a competent purchaser produced by a land broker or agent, the subsequent inability of the vendor to convey a good title, by reason of which the contract is not performed, does not release him from the obligation to pay the agent's commission. *Potvin v. Curran & Chase,* 13 Neb. 302; *Jones v. Stevens,* 36 Neb. 849; *Lunney v. Healey,* 56 Neb. 313. This is the general

rule. *Monk v. Parker,* 180 Mass. 246; *Smith v. Schiele,* 93 Cal. 144; *Davis v. Lawrence & Co.,* 52 Kan. 383; *Phelps v. Prusch,* 83 Cal. 626; *Bruce v. Wolfe,* 102 Mo. App. 384.

The fact that the contract is canceled afterwards by mutual consent of the vendor and the vendee can in nowise affect the right of the agent to recover the agreed compensation for procuring a purchaser, where the vendee has at all times been in such a position that performance could have been enforced. *Millett v. Barth,* 18 Colo. 112; *Swigart v. Hawley,* 140 Ill. 186; note to *Breckenridge v. Claridge & Payne,* 43 L. R. A. 593 (91 Tex. 527). The same reasoning applies with reference to the liability of a general agent for the sale of lands to persons whom he may employ as subagents. In such transactions the original agent stands in the same relation to the subagent, so far as liability to pay the agreed compensation upon the furnishing of a competent purchaser, as the vendor does to him, and, when the subagent has produced a purchaser with the requisite qualifications, the liability of his principal to pay the agreed commission exists, irrespective of whether the owner of the land refuses to ratify the sale or is unable to make a good and satisfactory title. *Barthell v. Peter,* 88 Wis. 316; *Oliver v. Morawetz,* 97 Wis. 332; *Smith v. Schiele, supra.*

It is also argued that the plaintiffs' testimony that one of the defendants guaranteed the title to the land to be perfect cannot be of any benefit, for the reason that this alleged guarantee or warranty was not in writing, and hence is void under the statute of frauds. The contention that the statute of frauds is involved we think is unsound. The liability of the defendants does not depend upon whether the vendors were competent to convey good and perfect title. The defendants represented to the plaintiffs that they had the right to sell the lands for the owners. Even if no express representations had been made by them that the owners were competent to convey a good and perfect title the plaintiffs were justified in relying upon the implication that the persons for whom the defendants

were acting were possessed of a marketable title to the
real estate.   In an action by an agent against an owner,
if the only reason that a sale has not been completed is
that the vendor cannot furnish a good and perfect title,
it is not essential to recovery by the agent that the owner
had represented to him that his title is good.   Neither is
it so in a case of subagency.  *Gorman v. Hargis,* 6 Okla.
360, 50 Pac. 92.

The giving of instruction No. 2 is complained of.  This
instruction in substance told the jury that if plaintiffs
rendered to defendants a written account or statement of
the commission due on the sale to Wheeler, and the de-
fendants acknowledged its receipt, but made no objection,
such acknowledgment is evidence of the correctness of the
statement.   Perhaps it would have been better to have
amplified this instruction so as to explain more fully to
the jury its applicability to the evidence.   It applied par-
ticularly to the evidence furnished by a letter written by
the plaintiffs to the defendants, and a reply to the same.
These letters showed a claim was made for 10 per cent.
commission on the Wheeler sale, and that no specific ob-
jection was made by the defendants to the amount.   De-
fendants' answer to this letter speaks of a dispute between
plaintiffs and one McCullough, and states that as soon as
plaintiffs and McCullough come to some understanding
they were ready to make a settlement concerning com-
missions.

It seems that McCullough had made an arrangement
whereby plaintiffs were to pay him a commission of 3 per
cent. on sales to purchasers procured by him, and that he
had made a claim direct to defendants that commissions
be paid to him, instead of to the plaintiffs.   When con-
sidered in connection with all the other testimony, we can-
not see how the defendants were prejudiced by this in-
struction being given.

It is next urged that the court erred in admitting in
evidence plaintiffs' exhibit 6.   This is a carbon copy of a
letter, which the evidence shows was written by the plain-

tiffs to defendants, duly stamped and addressed to defend-
ants at their usual place of business at Colorado Springs.
Notice was served upon the defendants to produce the
original letter for inspection. It was not produced but
it was stated at the trial that they had made a diligent
search and were unable to find the same. Since the orig-
inal was not accessible, and proper diligence had been
exercised to procure the same, secondary evidence of the
contents of the letter was admissible. *Birdsall v. Carter*,
5 Neb. 517.

Instructions Nos. 3 and 4 are correct statements of the
law as applied to the facts in this case. We believe, in
the light of the prior correspondence and the subsequent
acts of the parties, that M. T. Yates had authority to act
in the matter of commissions.

The assignments of error with respect to the giving of
instruction No. 14 and the admission in evidence of the
case of *Long v. Herr*, 10 Colo. 380, will be considered to-
gether, since the point involved is whether it is necessary
to the validity of the contract relied upon that it should
be in writing. Defendants contend that, under the pro-
visions of section 10856, Ann. St. 1911, the contract is
void. This section provides: "Every contract for the
sale of lands, between the owner thereof and any broker
or agent employed to sell the same, shall be void, unless
the contract is in writing and subscribed by the owner of
the land and the broker or agent, and such contract shall
describe the land to be sold, and set forth the compensa-
tion to be allowed by the owner in case of sale by the
broker or agent." We are of opinion that this section has
no application to the facts in this case. The contract here
does not fall within its terms. It was not made between
the owner of lands and an agent. The contract was be-
tween an agent and a subagent. The statute was designed
to protect the owner of lands, and we cannot extend its
terms by construction or interpretation so as to embrace
another class of persons. Before its passage oral con-
tracts whereby one person employed another to procure a

purchaser for his land upon commission were valid, irrespective of whether the employing person was the owner of the premises or not. The law has been changed by the statute so far as landowners are concerned but it remains unaltered as to all other persons. *Sadler v. Young,* 78 N. J. Law, 594. Instruction No. 14, therefore, is not objectionable for the reason that the contract was not in writing, nor was the introduction in evidence of the report of the Colorado case prejudicial, even if erroneously admitted, which point we find it unnecessary to determine.

Finally, it is argued that the verdict is unsupported by the evidence, and must have been the result of passion and prejudice on the part of the jury. The evidence satisfies us that the jury were warranted in believing that the sales were made under the contract proved. We cannot say the verdict is not sustained by the evidence.

The judgment of the district court is

AFFIRMED.