SMITH v. STARKE.

1. CONTRACTS—BROKERS—COMMISSIONS—STATUTE OF FRAUDS.
   Contracts coming within Act No. 238, Pub. Acts 1913 (3 Comp. Laws 1915, § 11981), providing that the statute of frauds shall include every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate, are absolutely void.[1]

[1] On necessity that authority of agent to purchase or sell real property be in writing to enable him to recover compensation for his services, see notes in 9 L. R. A. (N. S.) 933; 44 L. R. A. 601.

2. SAME.

> The statute applies to contracts between others than those between owner and broker.

3. SAME.

> Compensation to be paid a farmer by a real estate broker for furnishing a customer for certain premises, constitutes "commission" within Act No. 238, Pub. Acts 1913 (3 Comp. Laws 1915, § 11981).

4. SAME.

> The word "commission" implies a compensation to a factor or other agent for services rendered in making a sale.

5. SAME—QUANTUM MERUIT.

> Under said act, including in the statute of frauds every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate, no recovery can be had upon the *quantum meruit* for services performed under an agreement which is void thereunder. OSTRANDER, J., dissenting.

Error to Berrien; Bridgman, J. Submitted January 12, 1917. (Docket No. 119.) Decided May 31, 1917.

Assumpsit in justice's court by Charles P. Smith against Burton G. Starke for broker's commissions. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Reversed.

*O'Hara & O'Hara,* for appellant.

*Will R. Stevens,* for appellee.

FELLOWS, J. Several interesting questions are discussed in this case, in which defendant brings up for review a judgment of $25 rendered in the circuit court for the county of Berrien, upon appeal from justice's court; but as we think one question is controlling, we shall omit any discussion of the others. This single question is whether Act No. 238, Pub. Acts

1913 (3 Comp. Laws 1915, § 11981), which adds the following provision to the statute of frauds:

"Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate"

—prevents a recovery upon the following state of facts: Defendant is a real estate broker; plaintiff, a farmer who had dealt to some extent in the sale of farm property. Defendant had listed with him for sale a farm in plaintiff's neighborhood known as the "Blowers Farm." Plaintiff met him early in February of 1915 and asked him what the defendant would do if plaintiff would furnish him a customer for the Blowers farm. That defendant replied:

"We will divide with you, we will treat you right and we will be glad to, anything that we can do in that way we will be glad to."

That plaintiff furnished him the names of parties with whom defendant afterwards negotiated, resulting in the sale to them of the Blowers farm and a commission to the defendant of $450. That plaintiff wrote defendant in regard to plaintiff's commission, what he should have, but received no reply and went and saw him; that after talking with him, and defendant's refusal to pay, he brought suit. Some of these facts were in dispute, but we give those most favorable to plaintiff. The entire transaction between the parties rested in parol, and the declaration counted on a performed oral agreement for services in finding a purchaser for the Blowers farm.

We have held, in construing the act in question, that contracts coming within its provisions are absolutely void. *McGavock* v. *Ducharme*, 192 Mich. 98 (158 N. W. 173). Therefore, if the contract in question comes within the purview of this act, it is void and of no force or effect. The services to be per-

formed and contemplated by the arrangement between the plaintiff and defendant were the services usually performed by a real estate broker, those of procuring, or aiding in procuring, a purchaser of the Blowers farm; that plaintiff was not to perform all the functions of a dealer in real estate does not preclude from characterizing the services performed as those usually performed by a real estate broker. Indeed the services to be performed by plaintiff were of the very essence of brokerage services, viz., procuring a purchaser of another's property. Compensation to real estate brokers is known, not only to the layman, but also to the law as "commission." The word "commission" implies a compensation to a factor or other agent for services rendered in making a sale. *Mooney* v. *Hough*, 84 Ala. 80-92 (4 South. 19); 1 Bouvier's Law Dictionary, p. 548; *Ralston* v. *Kohl's Adm'r*, 30 Ohio St. 92-98; *Rogers* v. *Duff*, 97 Cal. 66-69 (31 Pac. 836). The compensation which plaintiff was to receive under his oral agreement with defendant was commission, and therefore within the act. Plaintiff so styles it in his testimony, and in this he is correct.

Does the act in question apply to contracts other than those between owner and broker? We think it does. There are no words of limitation contained in it. It reads "every agreement"—not only agreements between owner and broker, but "every agreement"—all agreements. The act is unambiguous, clear in its terms, and without exceptions. Several of the other States of the Union have passed acts of similar purport, but of limited application, applying only to contracts between owner and agent. In passing the act in question the legislature omitted the words of limitation found in the acts of some of our sister States. Without qualification, it declared void "every agreement * * * to pay any commission." The legislature having failed to use the words of limitation,

we cannot add them by judicial construction. Where the legislative expressions are obscure, the courts may construe a statute, giving a reasonable and sensible interpretation thereto, but where the statute is plain and unambiguous in its terms, its construction is not for the courts; the courts have nothing to do but obey it. *In re Klein's Estate,* 152 Mich. 420 (116 N. W. 394).

But it is urged by the plaintiff that, even if the statute does render the contract void, he may recover upon the *quantum meruit,* upon the theory that performance takes the case out of the statute. This question is foreclosed by the recent case of *Paul* v. *Graham,* 193 Mich. 447 (160 N. W. 616), where we had this statute under consideration and held that no recovery could be had upon the *quantum meruit* for services performed under an agreement that was within the provisions of this statute and therefore void.

It follows that, plaintiff's contract with defendant being void, and no recovery permissible under it or upon the *quantum meruit,* the judgment must be reversed, and no new trial awarded. Defendant will recover costs of all courts.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred with FELLOWS, J.

OSTRANDER, J., *(dissenting).* I regard the arrangement testified to by plaintiff as a proposition made by defendant to plaintiff to give plaintiff a portion of a commission if it was earned by defendant by plaintiff's help, a proposition to divide a commission if defendant received one, and if plaintiff was of assistance to him in making the sale by which it was earned. It is as though a real estate broker said to me:

"I have this land for sale. If you will send me the name of a prospective purchaser who buys it, I'll give you ten dollars."

In such a case, I do not promise or agree to do anything. There is no contract. There is a promise of a reward which I may earn by performing the suggested service, and can recover only upon the theory that my services were of some value. The jury found that plaintiff performed a service of value, and returned a verdict in his favor for $25. The judgment entered thereon should not be disturbed; no error being pointed out.