## MILLER v AUBLE

Ohio Appeals, 9th Dist, Lorain Co

No 488.  Decided April 11, 1929

John K Nece, Elyria, for Miller.
Robert L Walden, Wellington, for Auble.

WASHBURN, J.

If it is not alleged in the petition that the contract was or was not in writing, and a general denial is filed, the plaintiff, upon trial, is required to sustain the issue by competent evidence, and the statute is available to the defendant by objection at the trial to oral evidence to prove the contract.

**Birchell v. Neaster, 36 OS. 331.**

In this case the petition expressly alleges that the contract sued upon was not in writing, and of course it was unnecessary for the defendant to plead the statute; and having filed a general denial, he did not waive the defense of the statute by not interposing the same before the trial of the case.

The petition does not allege facts constituting a partnership, and therefore the case of **Furth v. Farkasch, 26 O. App. 258,** is not applicable.

The transaction described in the petition in the case at bar is more like the one passed upon in **Cohen v. Spitz Co., 28 O. L. R. 379.** It is true that in that case the contract was in reference to a specific piece of property, while in the case at bar no specific property is referred to in the agreement; that difference we do not regard as of controlling importance.

Plaintiff's action is not one to recover for services in furnishing prospective purchasers, as was the case in McHugh v. Marshall, 164 NE. 778, where there was no claim made that the plaintiff was employed to or that she did assist in making sales of real estate.

It is apparent that he was to be paid a commission upon sales of real estate which **he assisted in making,** and that the contract

was within the terms of the statute to pay "a commission for or upon the sale of an interest in real estate," unless said statute should be construed as applying only to contracts between an owner of real estate and a broker or agent who agrees to render services for such owner in the sale of his real estate.

It may be, in view of the well-known evils connected with such transactions, that it was the intention of the legislature to limit the operation of the law to such contracts, but if so, the legislature could easily have employed language to express such intention, as was done by the legislature of the state of Nebraska, and by the legislatures of several other states. The legislature of Ohio failed to so limit the operation of the statute, and it would be judicial legislation for us to do so.

Where a statute is plain and unambiguous in its terms, it is the duty of courts to enforce rather than construe the same.

In respect to this matter, the statute of the state of Michigan is the same as our **GC. Sec. 8621,** and the Supreme Court of Michigan has determined that said statute is not limited in its operation to contracts between an owner and a broker, but applies to a transaction very similar to the one involved in the case at bar. (Smith v. Starke, 162 N. W. 998.)

Judgment affirmed.

Funk, PJ, and Pardee, J, concur.