GREENBERG *v.* FEIGENSON.

1. Appeal and Error—Verdicts—Great Weight of Evidence.
   On defendants' appeal from verdict for plaintiff because it was against the great weight of the evidence, plaintiff's claim is assumed to be true.

2. Frauds, Statute of—Commissions Upon Sale of Land.
   Oral agreement calling for payment of a commission by defendants to plaintiff as consideration for his services in negotiating sale of land to Federal government in connection with a slum clearance project *held,* within provision of statute of frauds voiding oral agreements "to pay any commission for or *upon the sale* of any interest in real estate," notwithstanding plaintiff did not procure the purchaser (3 Comp. Laws 1929, § 13417 [5]).

Appeal from Wayne; Taylor (Mark D.), J., presiding. Submitted October 20, 1937. (Docket No. 112, Calendar No. 39,751.) Decided November 10, 1937.

Assumpsit by Nathan Greenberg against Perry Feigenson and wife and others for sums allegedly due for appraisal and negotiation in the sale of property. Verdict and judgment for plaintiff. Defendants appeal. Reversed.

*Irwin Friedman,* for plaintiff.

*I. Goodman Cohen (Fred G. Dewey* and *Thomas L. Poindexter,* of counsel), for defendants.

SHARPE, J.   Defendants were the owners of a certain parcel of land located in the city of Detroit which the government desired to obtain as a site for a slum clearance project.   It is the claim of plaintiff that he was engaged by the defendants to represent them in negotiations for the sale of the property, his declaration alleging the agreement in the following manner:

"That the said Perry Feigenson, acting for himself and in behalf of the other defendants, did employ the said plaintiff as an appraiser for them, and agreed that he and the other defendants would pay to the said plaintiff the sum of $3,000 for his services to be rendered in appraising the property and acting as their representative during this negotiation with the United States government until the deal was consummated and, if necessary, to act as an appraisal witness for them in any litigation that might occur through condemnation of this property."

His counsel, in the opening statement to the jury, stated the purpose of the agreement to be that defendants, "desired to retain him as an appraiser and negotiator with the United States government in order to get the proper, true value of this parcel of real estate."

Upon trial, plaintiff testified:

"*Q.*   I mean, what were your duties to be?
"*A.*   To get for him, to get for him through my appraisal the price, so they shall give him the price for the property he wants.   * * *
"*Q.*   What were you to act for?
"*A.*   To act for him on his behalf.
"*Q.*   In what manner?
"*A.*   In the settling of this price on the property."

Plaintiff brings suit to recover the $3,000 to be paid for his services under the terms of the agreement. Following judgment for plaintiff, defendants moved for a new trial which was denied and they have prosecuted this appeal.

The testimony of plaintiff in support of his case, which was uncorroborated, tended to establish that through his efforts he had induced the government to raise its offer for defendants' property from $35,000 to $60,000 whereupon a sale thereof was consummated. Defendants denied that any agreement as alleged by plaintiff was ever made, or that he rendered any services of any description whatsoever that resulted in or were connected with the sale of the property. It is one of the claims of defendants that the verdict was contrary to the great weight of the evidence, but we find it unnecessary to enter into a discussion of the conflicting claims of the parties as to the disputed questions of fact.

For purposes of this opinion we assume plaintiff's claims to be true and in so doing we believe that a consideration of those portions of the declaration, the opening statement of his counsel and plaintiff's own testimony, as hereinbefore referred to, results in the conclusion that the agreement was one calling for the payment of a commission to plaintiff as consideration for the services rendered by him in connection with the sale of the parcel of real estate in question and, being oral, was void under the controlling statutory provisions. 3 Comp. Laws, 1929, § 13417 (5).

It appears to be plaintiff's contention on this point, and that which was adopted by the trial court, that the agreement did not come within the mentioned statute for the reason that plaintiff did not procure a purchaser for the premises, the vendor

and vendee having already commenced negotiations for the sale prior to the appearance of the plaintiff. We believe this to be a narrow construction unwarranted by the terms of the statute, which voids an oral "agreement, promise or contract to pay any commission for *or upon the sale* of any interest in real estate."

It was not necessary that the agreement require plaintiff to perform all the functions that might be required of a real estate broker in connection with the sale, including the procuring of the purchaser, but the statute became applicable when the agreement contemplated and required that plaintiff should act as negotiator between defendants and the government's purchasing agents to determine upon and obtain a price for the property that would be acceptable to defendants. The agreement on the part of defendants was a promise to pay plaintiff a commission *"upon the sale"* of an interest in real estate and, being oral, was void.

Judgment reversed, with costs to appellants.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, POTTER, and CHANDLER, JJ., concurred.