NIEMANN, Respondent, vs. SEVERSON, Appellant.*

*March 13—May 1, 1945.*

For the appellant there was a brief by *Spohn, Ross, Stevens & Lamb,* and oral argument by *Myron Stevens* and *Katherine H. Baldwin,* all of Madison.

For the respondent there was a brief by *Curkeet & Curkeet* of Madison, and oral argument by *William R. Curkeet.*

* Motion for rehearing denied, with $25 costs, on June 15, 1945.

ROSENBERRY, C. J.   The facts briefly stated are as follows: The plaintiff is a real-estate broker and had an exclusive contract for the sale of certain property owned by Vern C. Pfanku.  · The defendant is also a real-estate broker and had a purchaser for the premises covered by plaintiff's contract. On September 14, 1943, the defendant, in the presence of the owner, orally agreed with the plaintiff to pay the plaintiff one third of the commission if he were successful in procuring a sale, and as evidence of the understanding between the parties, the defendant executed and signed the following memorandum:

"I hereby agree to give Otto Niemann one-third ($\frac{1}{3}$) commission received on sale of 233 Lake Lawn, Madison, Wis."

Thereafter, the defendant did procure a purchaser and a sale was consummated on October 5, 1943.   The defendant, in accordance with the understanding between the owner, the plaintiff, and the defendant, collected from the owner commission in the sum of $1,064.   The sale occurred within the period of plaintiff's exclusive listing.   Upon demand, the defendant refused to pay the plaintiff one third of the commission, and this action was commenced.   There was a motion for judgment on the pleadings.

The facts as stated appear without dispute.

The defendant makes three contentions:  (1) That the memorandum which the defendant signed is void because not in compliance with the statute of frauds; (2) that there was no consideration; and (3) that by reason of the failure of the plaintiff to co-operate, the defendant had withdrawn his promise to pay plaintiff one third of the commission and the agreement was no longer in effect.   ·

The trial court found against these contentions.   It is considered that the determination of the trial court cannot be disturbed.

As to the first contention, an agreement between real-estate brokers to divide a commission need not be in writing and signed by the party to be charged. *Connerton v. Andrews* (1928), 195 Wis. 433, 437, 218 N. W. 817.

As to the defendant's second contention, the plaintiff had an exclusive listing contract. Under the arrangement made between plaintiff, the defendant, and the owner, the plaintiff waived his rights under his exclusive contract if a sale was made by the defendant in consideration of which the defendant promised to pay the plaintiff one third of the commission. Plaintiff's agreement to forego his exclusive rights was certainly a substantial consideration for the arrangement between the parties.

As to the third contention, the arrangement having been made in the form of a contractual obligation, the defendant could not "withdraw" it. There is no allegation or claim that the arrangement between the parties was abrogated by mutual agreement. It was beyond the competency of the defendant to void the arrangement between the parties. One party to a contract can breach it, he cannot abrogate it. In addition to that, the defendant did not surrender his rights under his agreement. He made the sale and collected the commission which would not have been paid except for the arrangement between the plaintiff, defendant, and the owner. No claim is made that the owner was to pay two commissions.

The sale having been made within the period covered by the listing contract, the plaintiff, if the arrangement was not valid, would have the right to recover the full commission from the owner when the defendant collected this commission. The plaintiff did not need to surrender his rights under his listing contract in order to make the arrangement that was made between the owner, the plaintiff, and the defendant. If in the meantime the plaintiff had secured a purchaser acceptable to the owner, the plaintiff would have been entitled to the entire commission.

*By the Court.*—Judgment affirmed.