[Civil No. 4679.   Filed May 7, 1945.]

[158 Pac. (2d) 665.]

RICHARD A. BUSH, Appellant, v. CHARLES A. MATTINGLY, d. b. a. MATTINGLY REALTY COMPANY, Appellee.

Messrs. Jennings & Tenney, for Appellant.

Mr. Terrence A. Carson, for Appellee.

LaPRADE, J.—This is an appeal from an order of the Superior Court granting defendant's motion for a new trial. The appellant, plaintiff below, was successful in securing a verdict and judgment in the lower court. The parties will be referred to as they appeared in the lower court—plaintiff and defendant. The plaintiff was a real estate salesman employed in the office of the defendant, who was a real estate broker. Plaintiff in his complaint alleged that he had earned certain commissions as a salesman for the defendant, which the defendant denied. The complaint, among other things, alleges that it was verbally agreed between the said parties "that said plaintiff should take charge of sales and transactions pertaining particularly to farm lands, and verbally agreed to pay to the plaintiff upon and at the time of the consummation of any sale of farm lands upon which the plaintiff participated as a real estate salesman one-half of sales commissions earned and paid to the defendant by the owners or purchasers of said lands sold." Subsequent to the filing of the answer, defendant secured permission from the court to file a motion to dismiss plaintiff's complaint. The ground of the motion was that the contract sued upon was an oral contract and within the statute of frauds. The section relied upon is Sec. 58–101, Arizona Code Annotated 1939, which in part reads as follows:

"No action shall be brought in any court in the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the parties to be charged therewith, or by some person by him thereunto lawfully authorized:

. . . . . . . . . . .

"7. Upon an agreement authorizing or employing an agent or broker to purchase or sell real property, or mines, for compensation or a commission; or, . . . ."

Before the trial court had an opportunity to rule on this motion, counsel for plaintiff secured leave to file an amended complaint and did so by adding a count in *quantum meruit* for the reasonable value of his alleged services. After presentation of the motion, the court granted the motion to dismiss as to the first cause of action, being the count upon the express oral contract, and denied the motion as to the second cause of action, being the count on *quantum meruit*.

The case was tried to a jury and resulted in a verdict in favor of the plaintiff in the sum of $1,000. Judgment was entered on the verdict. On the hearing of the motion for a new trial, the trial court concluded that the facts pleaded did not fall within the prohibition of subsection 7 of Sec. 58–101, *supra,* because of the fact that plaintiff was the employee of defendant, and that the defendant as a broker had a written contract with the owner of the property to sell the same. The trial court concluded that it had committed error in sustaining defendant's motion to dismiss as to the first cause of action. The trial court also concluded that it had committed error in submitting the case to the jury on the *quantum meruit* count. In this behalf the trial court stated:

" . . . if the plaintiff was entitled to recover, he was entitled to recover on an express contract, as alleged in the first cause of action. Upon this ground alone the motion for a new trial was granted, leaving the way open for the plaintiff to prosecute his remedy on an express contract if he so desired, and such statement was made to the attorneys for the plaintiff at the time. The Court did not in its order granting the motion for a new trial state the ground upon which the same was granted. The Court did not consider the sufficiency or insufficiency of the evidence in the case in granting the motion for a new trial."

Appellant assigned as error the granting of defendant's motion for a new trial. The appellee has made several cross-assignments of error, all of which go to the proposition that the trial court erred in refusing to sustain defendant's motion to dismiss plaintiff's second cause of action for the asserted reason that the foundation of plaintiff's suit was for an agent's commission within the statute of frauds.

An examination of our statute of frauds and many adjudicated cases leads us to believe that the trial judge was correct in his final appraisal wherein he came to the conclusion that the statute of frauds did not apply to the first cause of action.

This court in the case of *Hall* v. *Rankin*, 22 Ariz. 13, 193 Pac. 756, 757, had occasion to consider the application of the statute of frauds to a comparable fact situation. We there held:

"The statute of frauds, of course, is binding upon us and must be obeyed and enforced whenever a case falls within its provisions, but it was remarked by Chief Justice Buchanan, in delivering the opinion in *Lamborn* v. *Watson*, 6 Har. & J., Md. [252], 255, 14 Am. Dec. 275, where the defense under the statute was successfully relied on, for the protection of a dishonest defendant, that the statute 'probably generates as many frauds as it prevents.' The subdivision of the statute referred to was clearly designed to protect owners of real estate against unfounded claims of brokers (*Gorham* v. *Heiman*, 90 Cal. 346, 27 Pac. 289) and contemplates a transaction between parties contracting with each other as principals. That is not the case here. In this case the plaintiff, as agent, undertook to perform for the defendant, who was not the owner of the mine, certain services, and the defendant undertook to make compensation therefor. . . . "

The statement of the rule in *Gorham* v. *Heiman*, 90 Cal. 346, 358, 27 Pac. 289, 292, is explicit and exact and entirely applicable to the facts in the instant case.

With reference to the applicable portion of the statute of frauds it was there said that "that provision was only designed to protect owners of real estate against unfounded claims of brokers. It does not extend to agreements between brokers to cooperate in making sales for a share of the commissions." To the same effect are the cases of *Baker* v. *Thompson,* 14 Cal. App. 175, 111 Pac. 373; *Hageman* v. *O'Brien,* 24 Cal. App. 270, 141 Pac. 33; *Kennedy* v. *Johnson,* 109 Cal. App. 662, 293 Pac. 698; *Jones* v. *Kehoe,* 61 Wash. 422, 112 Pac. 497; *Orr* v. *Perky Investment Co.,* 65 Wash. 281, 118 Pac. 19; and 9 C. J., Brokers, § 60, p. 560; 12 C. J. S., Brokers, § 62, p. 144.

Counsel for the appellee stresses with much fervor that the holding of this court in the case of *Eads* v. *Murphy,* 27 Ariz. 267, 232 Pac. 877, 879, is absolutely determinative of the issue here raised by the pleading of the statute of frauds. A close examination of the facts and the holding in this case readily discloses that they are not applicable to the facts in the instant case for the reason that it patently appears therein that Murphy, the owner of the lands, had not authorized Eads, the agent, to sell his (Murphy's) individual property by a written instrument signed by the parties. In the Eads case, plaintiff offered secondary evidence of an alleged lost written instrument of authorization. The instrument was signed by Murphy as president of a corporation. It is pointed out in the opinion that the written agreement on its face disclosed that it was an agreement between the corporation and Eads, signed on behalf of the corporation by its general manager, who happened to be Mr. Murphy. With reference to this situation the court said:

" . . . It certainly cannot be construed as a personal contract of Murphy. Since the effort in this case was to bind Murphy individually, the offer was cor-

rectly rejected. No other written instrument regarding an agreement for commissions from Murphy to Eads being offered, the court properly rejected any evidence regarding such sales.''

The next question to be disposed of is: Did the trial court err in granting the new trial on the theory that the plaintiff, having been wrongfully denied the right to proceed on the alleged express oral contract, should not have been allowed to proceed and recover judgment on an implied contract to pay the reasonable value of the services rendered? Plaintiff in his first cause of action pleaded a specific oral contract and agreement on the part of the defendant to pay plaintiff one-half of the sales commissions earned or paid to the defendant by the owners or purchasers of land sold, alleging that he negotiated a sale for $40,000; that a commission of $2,000 was paid to the defendant; and that plaintiff was entitled to one-half of it. Defendant admitted that the sale had been made and that he had received the commission, but by way of an affirmative defense set up that the plaintiff was to receive one-half of commissions only on property that he personally sold from listings in defendant's office. Defendant further alleged that he personally made the sale referred to; that he had conducted all the negotiations; that plaintiff had not contributed any services in the perfection of this sale, and was not entitled to any division or split of the commission earned. In plaintiff's second cause of action, by reference he adopted the allegations of the specific contract, and in addition thereto pleaded in the alternative as follows:

''That plaintiff rendered services to the defendant, as set forth in particularity in plaintiff's first cause of action; that said services were rendered at defendant's instance and request and with his knowledge and consent; that said services rendered were of the reasonable value of One Thousand Dollars ($1,000).''

■ Our code section with reference to pleading a claim or defense specifically authorized the plaintiff to plead an express contract and an implied contract in the alternative or in separate counts. Our code section reads as follows:

"21-408. *Pleading to be concise and direct—Consistency.*—(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

"(2) A party may set forth two (2) or more statements of a claim or defense alternatively or hypothetically, either in one (1) count or defense or in separate counts or defenses. When two (2) or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one (1) or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both. All statements shall be made subject to the obligations set forth in Rule 11 (§ 21-426)." Rules Civ. Proc., Rule 8(e).

In support of our interpretation of the effect of this code section, we cite 13 C. J., Contracts, § 910, p. 750, and cases there cited. See also 17 C. J. S., Contracts, § 569, subsec. c.

■ No transcript of the evidence was filed in this case on appeal. Appellee made no cross-assignment of error challenging the sufficiency of the evidence to sustain the verdict and judgment. No such assignment having been made and the authenticated evidence considered by the jury and court not being before us, we must presume that the evidence was sufficient to sustain the verdict and judgment predicated upon the *quantum meruit* count in plaintiff's complaint. *Holman* v. *Roberts,* 35 Ariz. 110, 274 Pac. 775; *Peterson* v. *McEvoy,* 45 Ariz. 102, 39 Pac. (2d) 942; *MacNeil* v. *Vance,* 48 Ariz. 187, 60 Pac. (2d) 1078.

█ Having determined that plaintiff was privileged to allege the same cause of action in two counts, and having been permitted to proceed to verdict and judgment on the second count, presumably sustained by sufficient proof, we are compelled to hold that the trial court committed error in granting the motion for a new trial. The order of the Superior Court granting a new trial is reversed and the case is remanded, with directions to vacate the order granting the new trial, deny the motion for a new trial, and reinstate plaintiff's judgment.

STANFORD, C. J., and MORGAN, J., concur.