## THOMPSON v. CAREY'S REAL ESTATE.

1. BROKERS — COMMISSIONS — STATUTE OF FRAUDS — SALESMAN-EMPLOYEE.

> Provision of statute of frauds requiring that agreements to pay any commission for or upon the sale of any interest in real estate be in writing and signed by the party to be charged is inapplicable to relation of real estate broker and his salesman-employee (CL 1948, § 566.132).

2. FRAUDS, STATUTE OF—COMMISSIONS ON SALE OF REAL ESTATE—BROKERS.

> The purpose of the provision of the statute of frauds requiring that agreements to pay any commission for or upon the sale of any interest in real estate be in writing and signed by the party to be charged was to protect real estate owners against unfounded or fraudulent claims of brokers (CL 1948, § 566.-132).

Appeal from Oakland; Hartrick (George B.), J. Submitted October 8, 1952. (Docket No. 28, Calendar No. 45,201.) Decided January 5, 1953.

Action by Bruce L. Thompson against Carey's Real Estate, a copartnership, composed of Melvin J. Carey and Edith L. Carey, for amount due him as defendants' salesman. Judgment for plaintiff. Defendants appeal. Affirmed.

*Davis & Thorburn*, for plaintiff.

*Sherman McDonald*, for defendants.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 8 Am Jur, Brokers § 24 et seq.
[1, 2] Who is real estate agent, salesman, or broker within meaning of statute: 56 ALR 480; 167 ALR 774.

Dethmers, C. J.    Defendant was a licensed real estate broker under PA 1919, No 306, as amended (CL 1948, § 451.201 *et seq.* [Stat Ann and Stat Ann 1951 Cum Supp § 19.791 *et seq.*]).    Plaintiff was licensed under the act and employed as defendant's salesman.    Under an oral agreement of employment defendant agreed to pay plaintiff a sum equal to a specified percentage of the commissions received by defendant on sales produced by plaintiff.    Plaintiff obtained a listing and later a purchaser therefor as a result of which defendant received a certain commission.    This is a suit for the balance claimed to be due plaintiff from defendant on account thereof.    The defense raised is the statute of frauds, the pertinent provisions of which read in part:

"In the following cases specified in this section, every agreement    *    *    *    shall be void, unless *    *    *    in writing and signed by the party to be charged therewith,    *    *    *    that is to say:    *    *    *
"5. Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate." (CL 1948, § 566.132 [Stat Ann 1951 Cum Supp § 26.922].)

From judgment for plaintiff defendant appeals.

Does the quoted provision of the statute of frauds apply here?    Defendant relies on *Smith* v. *Starke,* 196 Mich 311, in which this Court held that the statute covered a situation in which the defendant, a broker, offered to give plaintiff, a farmer who was neither a licensed salesman nor in the broker's employ, a division of the commission, if he would secure a purchaser for a farm listed for sale with the broker.    This Court said:

"The word 'commission' implies a compensation to a factor or other agent for services rendered in making a sale.    *    *    *    The compensation which plaintiff was to receive under his oral agreement with

defendant was commission, and therefore within the act. Plaintiff so styles it in his testimony, and in this he is correct.

"Does the act in question apply to contracts other than those between owner and broker? We think it does. There are no words of limitation contained in it. It reads 'every agreement'—not only agreements between owner and broker, but 'every agreement'—all agreements. The act is unambiguous, clear in its terms, and without exceptions. * * * The legislature having failed to use the words of limitation, we cannot add them by judicial construction."

*Smith* v. *Starke*, decided before PA 1919, No 306, was enacted, involved an agreement to split a commission by 2 parties between whom no other relationship existed, as contrasted with the situation here in which there was an employer-employee relationship under the real estate broker's code and the agreement was for payment of compensation by the employer to its employee. Whatever our present view may be of dicta in that case, we do not believe that the decision need be considered as holding, nor do we now deem it to have been the legislative intent, in enacting the quoted portion of the statute of frauds, to select, from the whole realm of employer-employee contractual relationships the one existing between a real estate broker and his employee salesman for the application of a different standard of validity than that applicable to all the rest (where contract performable within one year). We can conceive of no characteristics peculiar to the broker-salesman relationship which might have suggested to the legislature the necessity for written contracts of employment in that field under circumstances where none is required in any other kind of employment. We are in accord with the following from 12 CJS, Brokers, § 62b:

"The legislative purpose in adopting such legislation was to protect real estate owners against unfounded or fraudulent claims of brokers."

We do not view the compensation due from a real estate broker to his salesman-employee as being a commission within the contemplation of the statute.

Judgment affirmed, with costs to plaintiff.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.