BORISOFF *v.* SCHATTEN.

1. BROKERS—STATUTES—COMMISSIONS.

The statute requiring that contract to pay a commission to a broker be in writing is strictly construed (CL 1948, § 566.132).

2. SAME—COMMISSIONS—STATUTE OF FRAUDS—SALESMAN-EMPLOYEE.

The compensation due from a real estate broker to his salesman-employee is not a commission payable pursuant to a contract required to be in writing by the statute of frauds (CL 1948, § 566.132).

3. CONTRACTS—DAMAGES—BREACH OF EXPRESS CONTRACT—QUANTUM MERUIT.

One who is entitled to recover damages for breach of an express contract cannot recover on *quantum meruit.*

4. APPEAL AND ERROR—NEW TRIAL—DAMAGES.

New trial is confined to the determination of the amount of damages, where judgment for defendant is reversed and plaintiff held entitled to recover.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted January 6, 1953. (Docket No. 26, Calendar No. 45,565.) Decided March 10, 1953.

Assumpsit in common pleas court by Maurice Borisoff against Bernard W. Schatten, doing business as Schatten Realty. Judgment for plaintiff reversed on appeal to circuit court. Plaintiff appeals. Reversed and remanded for new trial as to damages only.

*Isaac Finkelstein,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES

[2] 8 Am Jur, Brokers § 26.
[2] Who is real estate agent, salesman, or broker within meaning of statute. 56 ALR 480; 167 ALR 774.
[4] 39 Am Jur, New Trial § 24.

*Lipshy & Cohen* (*I. Goodman Cohen,* of counsel), for defendant.

BUSHNELL, J. Plaintiff Maurice Borisoff, a licensed real estate salesman, had been employed for approximately 2 1/2 years by defendant Bernard W. Schatten, a licensed real estate broker, doing business as Schatten Realty. Borisoff brought an action in the common pleas court of the city of Detroit, in assumpsit, and especially upon an oral contract for commissions claimed to be due him in the sum of $769.50. That court rendered a judgment in favor of Borisoff for $435, plus costs. Schatten appealed to the circuit court and Borisoff took a cross appeal.

The circuit court heard the appeals on the record made in the common pleas court. See Court Rule No 76 (1945), as amended. In the circuit court, Borisoff contended that he was entitled to recover, notwithstanding Schatten's defense that the oral contract was void and unenforceable and in contravention of subparagraph 5 of section 2 of the statute of frauds (CL 1948, § 566.132 [Stat Ann 1951 Cum Supp § 26.922]). Borisoff argued that the decision in *Wilcox* v. *Dyer-Jenison-Barry Land Co.,* 217 Mich 35, supported his contention. The circuit judge held that the *Wilcox Case* had no similarity to the instant case, and that the judgment of the common pleas court should be reversed and a judgment entered in favor of the defendant. The circuit judge further stated:

"It is apparent from a reading of the several decisions of our Supreme Court on the construction of the act in question, beginning with *McGavock* v. *Ducharme,* 192 Mich 98, and continuing with *Smith* v. *Starke,* 196 Mich 311; *Fleming* v. *James S. Holden Co.,* 200 Mich 519; *Renaud* v. *Moon,* 227 Mich 547; and *Greenberg* v. *Feigenson,* 282 Mich 30, that our

Supreme Court has at no time deviated from its holding the line in a strict construction of the section of the statute in question."

The opinion of the circuit judge was filed January 25, 1951. On January 5, 1953, this Court released its opinion in the case of *Thompson* v. *Carey's Real Estate* (a copartnership), *ante,* 474. Thompson was a licensed real estate salesman and the Carey copartnership was a licensed real estate broker. The defense raised in the *Thompson Case,* like the defense here, was the statute of frauds, *supra.* In the *Thompson* opinion, *Smith* v. *Starke,* 196 Mich 311, was discussed at length. This Court held that "we do not view the compensation due from a real estate broker to his salesman-employee as being a commission within the contemplation of the statute." *Wilcox* v. *Dyer-Jenison-Barry Land Co., supra,* was not discussed in the *Thompson Case,* because the defendant land company in that case was the owner, and the statute of frauds is applicable to claims for commissions due from an owner.

Borisoff also argues that he is entitled to recover under our holding in *Geistert* v. *Scheffler,* 316 Mich 325. In that case it was held that when plaintiff relies upon a breach of an express contract, he cannot recover on *quantum meruit.*

The judgment below is reversed and the cause is remanded for a new trial, which shall be confined to the amount of damages only. Costs to plaintiff both here and below.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.