## BEZNOS v. BORISOFF.

Brokers—Agreement to Share Commission With Another Broker—Statute of Frauds.

An agreement between brokers relative to the division of a commission for the sale of real estate for services rendered in advising defendant that a certain parcel of real estate was for sale is not invalid because not in writing, since such an agreement is not within the contemplation of the statute of frauds (CL 1948, § 566.132).

Appeal from Wayne; Murphy (George B.), J. Submitted January 6, 1954. (Docket No. 16, Calendar No. 45,944.) Decided February 18, 1954.

Case instituted in common pleas court by Samuel Beznos, doing business as Beznos Realty Investment Company, against Maurice Borisoff for share of broker's commission on sale of real estate. Dis-

References for Points in Headnotes

8 Am Jur, Brokers § 153.
Agreement between brokers as within statute requiring agreements for commissions for the sale of real estate to be in writing. 64 ALR 1423.

missed.   Judgment for defendant in circuit court.
Plaintiff appeals.  Reversed and remanded.

*Gabriel Glantz,* for plaintiff.

*Isaac Finkelstein,* for defendant.

BUSHNELL, J.   Samuel Beznos, a licensed real-
estate broker, doing business as Beznos Realty In-
vestment Company, brought an action for compen-
sation claimed to be due him from defendant Mau-
rice Borisoff.   The essential facts are stipulated as
follows:

"Plaintiff and defendant had entered into an oral
agreement by the terms of which the defendant
promised to pay to the plaintiff 50% of the commis-
sion derived from the sale of a real-estate parcel, in
return for plaintiff's information, advising defend-
ant that said parcel of real estate was on the market,
said parcel being identified as 7375 Dunedin street,
Detroit, Michigan.
"Plaintiff alleged further, that the defendant sold
said parcel for the sum of $50,000, that the defend-
ant received from the owner of said property the sum
of $2,500, as commission, and that the defendant had
refused to pay plaintiff the sum of $1,250, one-half
of said commission, or any sum of money whatso-
ever."

Borisoff, who prevailed in the recent case of *Boris-
off* v. *Schatten,* 335 Mich 684, succeeded in having
Beznos' action dismissed in the common pleas court.

On review in the circuit court the trial judge held
that the statute of frauds (CL 1948, § 566.132 [Stat
Ann 1953 Rev § 26.922]) was applicable and that de-
cision was controlled by *Smith* v. *Starke,* 196 Mich
311; *Fleming* v. *James S. Holden Co.,* 200 Mich 519;
and *Renaud* v. *Moon,* 227 Mich 547.

Notwithstanding plaintiff's contention that he was entitled to recover under the authority of *Thompson* v. *Carey's Real Estate,* 335 Mich 474, and *Borisoff* v. *Schatten, supra,* the circuit judge held that these cases had not altered the applicable law.

The only difference between the instant case and *Borisoff* v. *Schatten, supra,* is that the latter involved an oral agreement between a broker and a salesman and that this case involves a similar agreement between 2 brokers. It was held in *Borisoff* v. *Schatten, supra,* that there is no characteristic peculiar to the broker-salesman relationship which might have suggested to the legislature the necessity for written contracts of employment in that field under circumstances where none is required in any other kind of employment. The same observation is applicable to an agreement between brokers for services rendered for their mutual benefit.

The line of distinction, as drawn by defendant between the instant case and the *Thompson* and *Borisoff Cases,* is too finely drawn. The analogy between the instant case and the others is clear. The persuasiveness of reasoning in those cases is too forceful to sustain defendant's contention here.

We hold, therefore, that compensation due from one licensed real-estate broker to another is not within the contemplation of the statute of frauds.

The judgment of the circuit judge is vacated and the cause is remanded for a new trial, with costs in both courts to appellant.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.