CARROLL, CHAS., Judge.
The appellee Leslie J. Mangus recovered a judgment against the appellant Art Present for $2,750, representing one-half of a commission received by Present for selling certain real estate.
The parties are real estate brokers. Mangus, while holding a listing on certain real estate, promised to pay Present one-half of the commission if Present should produce a buyer for the property. Several-months later Present succeeded in selling the property and collected a 5% commission from the seller. Mangus then sued Present for half the commission.
In his complaint Mangus alleged the making of the agreement above referred to on September 25, 1957, a copy of which was attached to the complaint, and which reads as follows:
“Art Present Real Estate “163 St. North Miami Beach “Florida
“Mr. Art Present and Mr. A1 Stern
“The following listing was submitted to the office of Art. Present by Leslie J. Mangus Broker. Mr. Presents client is a Mr. Art Vitch Builder. If through any means or channels Mr. Present produces a buyer he is to get Yz of a 5% commission and the other half is to go to Mr. Mangus the listing Broker.
“Blocks 1, 2, 3, 8, 9, 10, 11, 12, 13, 14, 15 of Section One Lying in the N Yi of Section 5 Township 52 Range 42 E Dade Co Florida Filed on record the *586 31 day of August 1955 at 3:23 P M in book 57 Page 74 of the public Records of Dade Co. Florida.
“Leslie J. Mangus Reg.Real Estate Broker
“/s/ Leslie J. Mangus, Reg.Broker “Art Present Reg.Real
Estate Broker “/s/Al Stern - 9-25-57 “/%/ Art Present, Real Estate”
The complaint then alleged that the defendant Present effected a sale and failed to pay the plaintiff Mangus one-half of the commission, as follows:
“That on or about the 27th day of January, 1958, the said defendant, Art Present, trading and doing business as Art Present Realty, effected and consummated a transaction upon a portion of the above described property which had been listed with him by said plaintiff, and the said defendant, by reason of the consummation of said transaction ; received a brokerage commission in the sum of Five Thousand Five Hundred ($5,500.00) Dollars.
“That the said defendant, Art Present, has failed to perform according to the terms of the contract with the plaintiff, and that he has failed to pay the plaintiff the agreed one-half (J4) of the commissions derived from said sale, in spite of the fact that the plaintiff has made repeated demands for same upon the said defendant.”
The defendant Present answered, admitting the agreement and pleading as a defense that the agreement was without consideration and unenforceable. In support of that defense it was averred that the listing which Mangus had was not an exclusive listing; that several months elapsed during which he, Present, did not make a sale of the property; that the contract did not prevent him from obtaining a direct listing from the owner; that more than three months after the said contract the owner listed the property directly with the defendant Present; and that thereafter Present sold the property under the listing he had obtained from the owner and without aid of the plaintiff.
A motion to strike his defense was granted. Deprived of his defense, defendant suffered an adverse verdict and judgment, from which he appealed. The determinative question is whether the court was in error in striking the defense as pleaded in the answer.
The plaintiff did not allege that his listing was an exclusive one. The defendant’s answer averred that it was not exclusive. If the listing held by the plaintiff was not exclusive, then the contract would be without consideration because under it the plaintiff surrendered no right which could constitute a consideration, and it would not operate to prevent the defendant from obtaining a listing from the owner. The contract did not provide that if the plaintiff, holding the initial listing should sell the property, the defendant would be entitled to one-half of the plaintiff’s commission, nor did the contract require any forbearance on the part of the plaintiff to look for a purchaser. On the other hand, the defendant, who, according to the contract would receive one-half of the commission if he should sell the property, did not enter the plaintiff’s employ or undertake to make the sale. Under those conditions a good defense was pleaded, and the learned trial judge committed error in striking the defense.[1] See Wefel v. Stillman, 151 Ala. *587 249, 44 So. 203; Smith v. Barnes, 236 N.C. 176, 72 S.E.2d 216. Cf. Niemann v. Severson, 246 Wis. 636, 18 N.W.2d 338.
The judgment appealed from is reversed and the cause is remanded for new trial.
Reversed and remanded.
HORTON, C. J., and PEARSON, J., concur.

. The record discloses that Judge Hendry, before whom the case was tried and who entered the judgment, did not make the order striking the defense. One judge of the court settled the pleadings and refused to strike the defense. A second judge held a pre-trial conference and later heard and granted a renewed motion to strike the defense. The case then proceeded to trial before a third judge.