579 P.2d 785

**HAPSAS REALTY, INC.,**
**Plaintiff-Appellant,**

v.

**Michael J. McCOUN, Defendant-Appellee.**

No. 11536.

Supreme Court of New Mexico.

May 10, 1978.

Vener & Fitzpatrick, Louis J. Vener, Albuquerque, for plaintiff-appellant.

Branch & Coleman, Turner W. Branch, Arthur H. Coleman, Rhonda P. Backinoff, Albuquerque, for defendant-appellee.

OPINION

McMANUS, Chief Justice.

Hapsas Realty, Inc., plaintiff-appellant, brought an action for declaratory judgment against Michael J. McCoun, defendant-appellee on an oral contract to divide a real estate commission earned by the leasing of certain premises. Appellee denied the contract and affirmatively alleged that the oral contract, if any, was unenforceable. The trial court, pursuant to N.M.R.Civ.P. 56 [§ 21–1–1(56), N.M.S.A.1953 (Repl.1970)], granted summary judgment in favor of appellee on the grounds that an agreement between brokers to share or divide a commission must be in writing pursuant to § 70–1–43, N.M.S.A.1953 (Repl.1961).

Section 70–1–43 provides:

Any agreement entered into subsequent to the first day of July, 1949, authorizing or employing an agent or broker to purchase or sell lands, tenements, or hereditaments or any interest in or concerning them, for a commission or other compensation, shall be void unless the agreement, or some memorandum or note thereof shall be in writing and signed by the person to be charged therewith, or some other person thereunto by him lawfully authorized. No such agreement or employment shall be considered exclusive unless specifically so stated therein.

Thus, Section 70–1–43 requires any agreement "authorizing or employing an agent or broker to purchase or sell lands . . . or any interest in or concerning them" to be in writing. Whether this statute is applicable to a contract to share a commission appears to be a case of first impression in New Mexico.

Appellant argues that an oral contract to share commissions does not fall within the statute since such an agreement is not an employment or agency agreement to purchase or sell an interest in land.

Appellee contends that § 70–1–43 is applicable to all situations involving real estate commissions and that the statute is designed not only to protect property owners but also all persons who come within its provisions.

In *Yrisarri v. Wallis*, 76 N.M. 776, 418 P.2d 852 (1966) this Court held that § 70–1–43 was applicable to all persons who came

within the statutory provisions and rejected a property owner's contention that the statute was intended to benefit only a property owner. In *Yrisarri* the property owner claimed an oral modification of a written agreement for a commission. However, whether an agreement to share commissions comes within the provisions of § 70–1–43 is a question which was not addressed by this Court in *Yrisarri*.

Several courts in other jurisdictions have construed statutes similar to § 70–1–43 as they apply to agreements between brokers to share commissions. In the early case of *Gorham v. Heiman*, 90 Cal. 346, 27 P. 289 (1891), the Supreme Court of California determined that a statute requiring written agreements authorizing or employing brokers was designed only to protect owners of real estate against unfounded claims of brokers. The statute was determined not to extend to agreements between brokers to cooperate in making sales for a share of a commission.

The present California statute, Cal.Civ. Code § 1624(5) (West 1973) requires a writing with:

> An agreement authorizing or employing an agent [or] broker . . . to purchase or sell real estate, or to lease real estate . . . or to procure . . a purchaser or seller of real estate or a lessee or lessor . . . for compensation or a commission.

This provision has been held not to be applicable to agreements to share commissions between brokers. *Gorham v. Heiman, supra; Jaffe v. Albertson Company*, 243 Cal.App.2d 592, 53 Cal.Rptr. 25 (1966); *Application of Goossen*, 185 Cal.App.2d 810, 8 Cal.Rptr. 855 (1960). *Cf. Aldis v. Schleicher*, 9 Cal.App. 372, 99 P. 526 (1908) (implies that this rule is not applicable unless one of the brokers has a binding written contract with the principal).

Ariz.Rev.Stat. § 44–101(7) (1967) requires a writing:

> Upon an agreement authorizing or employing an agent or broker to purchase or sell real property, or mines, for compensation or a commission.

The Arizona Supreme Court in *Bush v. Mattingly*, 62 Ariz. 483, 158 P.2d 665 (1945) determined that the statute was not applicable to agreements between brokers. *See also Nutter v. Bechtel*, 6 Ariz.App. 501, 433 P.2d 993 (1967).

The former Michigan statute, Mich.Comp. Laws Ann. (1967), § 566.132(5) was construed in *Beznos v. Borisoff*, 339 Mich. 12, 62 N.W.2d 461 (1954). In *Beznos* the Supreme Court of Michigan held that the statute was not applicable to agreements between brokers. The then applicable statute provided for a writing with:

> Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate.

Other states which have had an opportunity to construe statutes similar to § 70–1–43 have held that their respective Statutes of Frauds requiring a written agreement were not applicable to agreements between brokers to share commissions. *Reilly v. Maw*, 146 Mont. 145, 405 P.2d 440 (1965); *Reasoner v. Yates*, 90 Neb. 757, 134 N.W. 651 (1912); *Sorenson v. Brice Realty Company*, 204 Or. 223, 282 P.2d 1057 (1955); *Moore v. Sussdorf*, 421 S.W.2d 460 (Tex.Ct. Civ.App.1967); *Andersen v. Johnson*, 108 Utah 417, 160 P.2d 725 (1945); *Neimann v. Severson*, 246 Wis. 636, 18 N.W.2d 338 (1945). *Contra Miller v. Auble*, 31 Ohio App. 67, 166 N.E. 384 (1929). *See also* Annot., 44 A.L.R.2d 741 (1955); 64 A.L.R. 1423 (1930).

The rationale of these decisions is that the applicable statutes were designed to protect the property owner-broker relationship. To the extent these courts have stated that these statutes are designed to protect only property owners we disagree. *Yrisarri v. Wallis, supra*. However, we do find that we are in agreement that such statutes do not apply to agreements between brokers to share a commission. The clear purpose of § 70–1–43 is to protect the owner-broker agreement to pay commissions but not to protect the brokers from themselves.

We therefore hold that § 70–1–43 is not applicable to agreements between brokers to share a commission. The summary judgment of the trial court is reversed and this case is remanded for further proceedings.

IT IS SO ORDERED.

EASLEY, PAYNE and FEDERICI, JJ., concur.

SOSA, J., respectfully dissenting.

SOSA, Justice, dissenting.

I disagree with the majority's opinion.

I find the language unambiguous. My view is that if it had been the intention of the Legislature to only limit operation of the statute to contracts between an owner of real estate and a broker or agent, it could easily have employed language to express such intention. Since no such intention has been expressed by the Legislature, it is ill advised for us to legislate judicially the limitation offered by the majority. If a change is to be made to cover brokers, this change—manifesting public policy—belongs with the Legislature. Therefore, I must respectfully dissent.